[For another case involving this patent, see Case No. 12,314.]

## Case No. 12,314.

SANFORD et al. v. MESSER et al.

[5 Fish. Pat. Cas. 411; Holmes, 149; 2 O. G. 470.] [1]

Circuit Court, D. Massachusetts. April 8, 1872.

PATENTS—ASSIGNMENT—LICENSE—IMPROVEMENT IN SEWING MACHINES.

1. Any assignment which does not convey to the assignee the entire and unqualified monopoly which the patentee holds in the territory specified or an undivided interest in the entire monopoly, is a mere license.

[Cited in Hill v. Whitcomb. Case No. 6,502; Webster v. Ellsworth, 36 Fed. 328.]

2. The conveyance of an exclusive right to use and vend, the right to make being retained by the grantors, construed to be a mere license.

[Cited in Rice v. Boss. 46 Fed. 196.]

3. It was not the intention of the legislature to permit several monopolies to be made out of one, and divided among different persons in the same limits.

4. A contract for the purchase of a portion of a patent right may be good as between the parties as a license, and enforced as such in the courts.

5. But the legal right in the monopoly remains in the patentee, and he alone can maintain an action against a third party who commits an infringement upon it.

6. S. & W. conveyed to S. & B. all their right, title, and interest in and to an invention, within the state of Massachusetts, except the right to build the patented machines. In a suit against one who had infringed by making the patented invention: Held, that the suit was properly brought in the name of S. & W., without joining S. & B.

[Cited in Wilson v. Chickering, 14 Fed. 918.]

7. An improvement, by which ordinary sewing-machines could be adapted to the sewing of sweat-linings in hats, and of which such machines were an essential element, is not anticipated by complicated and expensive sewing-machines specially adapted to the sewing of sweat-linings, but not capable of use as ordinary sewing-machines.

8. Letters patent for "improvement in sewing-machines," granted to F. S. Sanford and D. Wheeler, April 10, 1866, are valid.

9. The novelty of the improvement in sewing-machines invented by Sanford & Wheeler sustained.

[Bill in equity by Glover Sanford and others against Matthew Messer and others to restrain alleged infringement of letters-patent [No. 53,927] for an improvement in sewing-machines, granted the complainants, as assignees of Frederick S. Sanford and Dwight Wheeler, April 10, 1866; and for an account. It was contended for the defendants, amongst other things, that the bill

was defective for want of proper parties plaintiff, the complainants having, before the suit, granted to third parties the exclusive right to use and vend the patented invention in Massachusetts; thus, as was claimed, making them joint owners of the patent with the complainants.][2]

James B. Robb, for complainants.

Chauncey Smith and W. W. Swan, for defendants.

SHEPLEY, Circuit Judge. This is a suit in equity founded on letters-patent granted by the United States "for a new and useful improvement in sewing-machines, applicable to the ordinary sewing-machine, by which it may be adapted to sew sweat-linings into hats without any alteration in the organizations of such machines."

An objection is made, that the bill is defective for want of parties. Defendants claim, that, since the date of the patent, the plaintiffs have transferred such an interest in the patent, in and for the state of Massachusetts, that they have not the exclusive ownership of the patent, and are not entitled to maintain the bill of complaint. It appears that the patentees conveyed to Stanwood and Bailey all their interest in the invention as secured to them by the letters-patent for, to, and in the state of Massachusetts, except the right to build said machines. Any assignment which does not convey to the assignee the entire and unqualified monopoly which the patentee holds in the territory specified, or an undivided interest in the entire monopoly, is a mere license. The monopoly granted to the patentees is for an entire thing. It is the exclusive right of making, using, and vending to others to be used, the improvement described in the patent, and for which the patent is granted. The instrument introduced in evidence by the defendants purports to convey to Stanwood and Bailey the exclusive right in certain specified territory to use, and vend to others to be used, the patented invention; but it does not convey, but expressly reserves to the grantors, the right to make the machines.

As well stated by Chief Justice Taney in Gayler v. Wilder, 10 How. [51 U. S.] 494, it was obviously not the intention of the legislature to permit several monopolies to be made out of one, and divided among different persons in the same limits. Unquestionably a contract for a purchase of a portion of the patent-right may be good as between the parties as a license, and enforced as such in the courts of justice; but the legal right in the monopoly remains in the patentee, and he alone can maintain an action against a third party who commits an infringement upon it. The bill of complaint in this case charges that defendants have made, and do make, the patented invention in violation of

[1] [Reported by Samuel S. Fisher, Esq., and by Jabez S. Holmes, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 5 Fish. Pat. Cas. 411, and the statement is from Holmes, 149.]

[2] [From Holmes, 149.]

complainants' rights under the patent. The bill can unquestionably be maintained for that infringement of the exclusive privileges of the complainants, even if it were necessary to join other parties as complainants in a bill alleging infringement only by vending and using.

The next inquiry is, whether Sanford and Wheeler were the original and first inventors of the improvement described in the specification and letters-patent. To negative this, defendants rely upon letters-patent of the United States granted to Rudolph Eickemeyer Aug. 9, 1859, and Feb. 20, 1866, and to E. M. Hendrickson, Feb. 4, 1862. They have offered these letters-patent in evidence, and have also filed as exhibits in the cause the several machines made by Eickemeyer and Hendrickson, embodying the principles of the invention described in the respective patents. These are machines not applicable to the ordinary sewing-machines in common use. They embody inventions consisting in radical changes in an entire reconstruction of the sewing-machines, to adapt them to the new use. It does not appear to the court that there is any necessary conflict between these machines and the plaintiffs'. They do not contain the elements described in the plaintiffs' patent: namely, "a sewing-machine in which the needle-bar, the presser-foot, the looper, and the feed are all constructed and operated in the usual manner;" nor "a work-plate arranged relatively to the feed, the needle, and the looper, like the ordinary work-plate." The object and purpose of the plaintiffs' invention were to substitute for the ordinary work-plate used in sewing-machines in common use a work-plate of peculiar construction, with a guide for the sweat-lining, and also a guide for the hat, by means of which any common sewing-machine may be used for sewing sweat-linings into hats without any change or alteration in the construction or mode of operation of any of its working parts, so that by changing the work-plate the sewing-machine could be used for sewing sweat-linings into hats, or performing the ordinary work of the common sewing-machine, as occasion might require. In this respect it differs substantially from the Exhibits R, S, T, U, and V, ingenious, but complicated and expensive, sewing-machines, specially adapted for the sole purpose of this branch of manufacture, embodying the inventions of Eickemeyer and Underhill and Hendrickson.

The defendants have infringed, by the use of a work-plate substantially like the plaintiffs', differing from it only in the fact that one of the faces of the angular plate is wood instead of metal; and a guide for the sweat-lining, formed for that purpose on the face of the presser-foot; and a guide for the hat, a contrivance consisting of a peculiar form of the presser-foot, together with a projecting pin;—these two guides, in combination with the work-plate and with the ordinary stitching apparatus, accomplishing the same results as in the plaintiffs' machine, by means substantially the same, and in the same manner and in the same combination. The defendants' machine, Exhibit D, embodies the plaintiffs' invention in a slightly altered form. The organization and operation of the plaintiffs' and defendants' machines are the same in substance, the differences between them consisting only in changes of form, leaving all the elements of the plaintiffs' combination in the defendants' machine. Decree for injunction and account as prayed for in the bill.

[For another case involving this patent, see Sanford v. Merrimack Hat Co., Case No. 12,-313.]