STILL & BRO. *v.* READING and others.

*(Circuit Court, W. D. Texas.   August 26, 1881.)*

1. LETTERS PATENT—LICENSORS—THEIR RIGHT TO MAINTAIN ACTIONS AGAINST INFRINGERS.

A patentee, who has sold the exclusive right to use his invention for a term of years short of the full life of the patent, can maintain an action for an infringement.

2. SAME—PLEADING.

The petition, however, is demurrable, unless it affirmatively appears that the alleged infringer is not using the invention under the authority of the licensee.

*Walton, Green & Hill, Hancock & West,* and *J. W. Robinson,* for plaintiffs.

*S. S. Boyd,* for defendants.

TURNER, D. J.   The plaintiffs in their petition allege that on the eighteenth day of September, 1877, they obtained letters patent from the United States government for the exclusive right to use, make, and vend their new invention, and known as the "Still saddle-trees;" that on the fifteenth day of January, 1878, petitioners contracted with one J. S. Sullivan & Co., of Jefferson City, in the State of Missouri, and sold to the said J. S. Sullivan & Co. the exclusive right to use their said invention, except that the plaintiffs reserved the right to use their own invention in their two shops in Texas; that said contract with J. S. Sullivan & Co. was to continue in force for the term of five years; that the letters patent granted to them (the petitioners) was to secure, and did secure, to them the exclusive right to use and control their said invention for the term of 17 years.   The petition alleges that these defendants have infringed their right secured to them by said letters patent by the use of their invention in the construction of saddle-trees, etc., since the first day of January, 1880, up to the time of filing their suit.   The petition alleges that in the sale of the use of their invention to J. S. Sullivan & Co. it was agreed that said J. S. Sullivan & Co. should pay to the plaintiffs a certain sum of money for each saddle-tree made, used, etc.; that the defendants, by using plaintiffs' saddle-trees, and by sales of saddles, etc., have deprived them of their just rights as patentees, and have, in fact, infringed upon their patent, and thus deprived them of the royalty that they would be entitled to if they had secured their right to make said saddle-trees under a contract with J. S. Sullivan & Co.   The petition alleges that defendants are not using their invention by their

authority, and not under authority or by virtue of said contract between petitioners and said J. S. Sullivan & Co. Plaintiffs claim to have been damaged by defendants in consequence.

This is a brief statement of the allegations in the petition down to the thirteenth paragraph. In this paragraph it is alleged that defendants agreed to make a partial compensation to plaintiffs and to cease the use of said trees; but at the very time such settlement was about to be made other persons hereinafter named, of large fortune, etc., acting together with a view of ignoring, obstructing, defeating, and intimidating plaintiffs from asserting their right, issued a circular, which circular is copied into the petition, which circular being received by the defendants, they declined to pay petitioners and continued the use of plaintiffs' invention, etc.

To this petition a demurrer is interposed. The first point raised is that these plaintiffs cannot, under the facts of the case, maintain a suit in their own name in any event because of the sale to J. S. Sullivan & Co. of the right to use for the period of five years, a little less than one-third of the time the benefits of the invention were secured to plaintiffs. I hold that plaintiffs have a beneficial interest in the right secured to them by their letters patent, which in a proper case they may protect in a court of justice. They certainly own the remaining interest after the lapse of five years, and if that interest is of value they have a right to see that it is not destroyed.

To illustrate, let us suppose that these defendants are in fact using plaintiffs' invention to their damage, and Sullivan & Co. refuse to take notice of the infringement; or suppose that Sullivan & Co., with a view of avoiding the payment of the royalty due to plaintiffs by them, have an understanding with defendants that they will not interfere with them, and they divide profits, and thus attempt to deprive the plaintiffs of the royalty justly due them,—I certainly think plaintiffs have such rights in their invention as that they could protect it. Plaintiffs have not sold their right to the patent as patentees; they have sold merely the exclusive right to use it for the space of five years, according to the petition of plaintiffs, and nothing more.

This point of the demurrer is, in that view of the case, not well taken. The argument of the case having taken this view of the question, I have thought it proper to notice it, and the same is overruled.

The material point, however, in the case is that taken and raised by the demurrer, which goes to the sufficiency of the petition to ena-

ble plaintiffs to recover under it, all its allegations for the purpose of this demurrer being admitted. The petition shows the sale to J. S. Sullivan & Co. to have been made January 15, 1878. The injuries complained of began January 1, 1880. After this sale to J. S. Sullivan & Co. any person to whom they should grant the right to use the Still tree would be protected thereby, and plaintiffs' remedy would be by suit against Sullivan & Co. for the royalty. It follows, therefore, as the plaintiffs show, that J. S. Sullivan & Co. have the right to use their invention and authorize other persons in the United States to use the same; that in order to make a *prima facie* case of liability against a person for using the Still patent it must affirmatively appear that such person is not using it under the authority or license of J. S. Sullivan & Co. Does the petition show this? The rule to be applied is that the pleadings will be construed most strongly against the pleader.

It is insisted by defendants that this is a necessary allegation, and I am of the same opinion; because, if these defendants are working under Sullivan & Co. and using Still's patent, then, of course, the only remedy plaintiffs can have is by suit against Sullivan & Co. for their royalty. If defendants are not working under Sullivan & Co. and are infringing plaintiff's patent, then plaintiffs would be entitled to their remedy against them; hence the necessity of the allegation that they are not authorized to use plaintiffs' invention by J. S. Sullivan & Co. It is alleged that they are not using it under authority or by virtue of the contract between plaintiffs and J. S. Sullivan & Co.; but that is not alleging that they are not using it under or by virtue of a contract made by defendants with J. S. Sullivan & Co. The demurrer, therefore, upon this point is sustained.

The thirteenth paragraph cannot be relied upon as connecting the J. S. Sullivan Saddle-tree Company with the J. S. Sullivan & Co. to whom plaintiffs sold, because it states that certain persons hereinafter mentioned. This is inferentially saying that they have not been mentioned before. But suppose it did, and the circular should be regarded as part of the petition, and that Sullivan & Co. were in fact the Sullivan Saddle-tree Company. What then follows? The most that could be said would be that the saddle-tree company were authorizing these defendants to use the Moody tree, and in that event, if the Moody tree is the one invented by plaintiffs, then J. S. Sullivan & Co. are responsible to plaintiffs for the royalty, and their remedy is against them and not against the defendants in this suit. If

the Moody tree is not the Still tree, then there is no infringement of plaintiffs' invention and they cannot complain.

The demurrer to their petition on this point is sustained, as also to the prayer. The demurrer to the prayer is also well taken.