PICKHARDT and another *v.* PACKARD and another.

*(Circuit Court, S. D. New York.   December 16, 1884.)*

PATENTS FOR INVENTIONS—PRODUCTION OF COLORING MATTERS FROM ALPHA-NAPHTHOL—CONSTRUCTION OF CLAIM—INFRINGEMENT.

The claim of the patent granted March 2, 1880, to Badische Anilin & Soda Fabrik, a corporation, as assignee of Heinrich Caro, for a new and useful improvement in coloring matters produced from alpha-naphthol, is not to be construed as one for coloring matter obtained by any method or process of treating the alpha-napthol sulpho-acids with nitric acids, but for any method of treatment which is the equivalent of the process described, and although it was not shown specifically that the defendants' coloring matter was made by Caro's process, this conclusion may be inferred from the chemical identity of their article with his.

In Equity.

*Van Santvoord, Livingston Gifford,* and *B. F. Thurston,* for complainants.

*Wm. H. King,* for defendants.

WALLACE, J. The complainants have acquired from the patentee the full and exclusive right to make, use, and sell, and vend to others to use and sell throughout the United States, the invention described in letters patent of the United States, issued to Badische Anilin und Soda Fabrik, a corporation, as assignee of Heinrich Caro, for a new and useful improvement in coloring matters produced from alpha-naphthol. The patent was granted March 2, 1880. The gist of Caro's invention, as described in the specification, is a process whereby alpha-naphthol is converted into sulpho-acids which are capable of being treated with nitric acid without losing their sulpho groups. Until this process was employed, the sulpho-acids of alpha-naphthol, when thus treated, lost their sulpho groups, and were converted into dinitro-naphthol, or naphthalene yellow, a coloring matter, insoluble in water. Caro's sulpho-acids, when thus treated, are converted into a yellow coloring matter, which is soluble in water, and is especially adapted for being used in dyeing and printing, in mixture with other dye stuffs, which possess similar acid properties, such as extract of indigo, or the sulpho-acids of azo compounds. The specification fully details the process of converting the alpha-naphthol into the requisite sulpho-acids, and also the process of treating the sulpho-acids with nitric acid. The claim is as follows:

"As a new manufacture, the coloring matter, or sulpho-acid of dinitro-alpha naphthol, obtained from the action of nitric acid upon the within-described alpha-naphthol sulpho-acids, substantially in the manner set forth, or by any other method which will produce a like result."

It is shown by the proofs that Caro's coloring matter is superior to any previously known in the art of dyeing as regards fastness to water when applied to wool or other material of animal fiber. It does not blend or run when wetted, which is the case with picric acid, Manchester yellow, Martius yellow, and the other yellow coloring matters previously used. This is clearly indicated by the samples produced. That it is an extremely valuable contribution to the art of dyeing is plain. So far as appears, Caro was the first discoverer of the process by which the distinctive sulpho-acids of alpha-naphthol, capable of treatment with nitric acid, without the destruction of their sulpho groups, could be produced. Consequently he was entitled, when applying for a patent, to make a broad claim for the product when made by his process, whether, as part of the process, the treatment of the sulpho-acids with nitric acid should be according to his method or should be by any other equivalent method, which would produce his product.

The claim of the patent is not to be construed as one for his coloring matter, obtained by any method or process of treating the alpha-napthol sulpho-acids with nitric acids, but for any method of treatment which is the equivalent of the process described, because it produces like results. The claim is capable of this construction and

should be construed so as, if possible, to secure the real invention to the patentee.

· It was not shown by the complainants that the defendants' coloring matter was made by the process described in the patent, nor was any evidence to the contrary produced by the defendants. The proofs show satisfactorily, however, that the defendants' coloring matter possesses the peculiar characteristics of the patented article. Sufficient appears to establish the chemical identity of the defendants' coloring matter with the complainants' by the evidence of the results produced by each in experimental tests. As these results were new until Caro's process was employed, a sufficient *prima facie* case is shown upon the question of infringement.

The only attack made upon the novelty of the invention is by evidence, which shows that various yellow coloring matters, such as Martius yellow, Manchester yellow, and others, were old and had been in public use since 1868. An attempt was made on the part of the defendants to show the identity in characteristics between these coloring matters and the patented article, but no doubt is entertained that there is a substantial difference between them in the respects which have already been referred to.

The complainants are not licensees, but are assignees of the entire monopoly conferred by the patent. The patentees do not explicitly transfer to complainants the right to vend to others the privilege of making the patented article, but they do not reserve that right to themselves in the instrument, and as the complainants are vested with the exclusive right to make the article in the United States, as well as to use and vend it, the patentees have nothing left which they can transfer. These considerations dispose of the several objections which have been urged by the defendants to the case made by the complainants. A decree is ordered for complainants.