CLEMENT MANUF'G CO. *v.* UPSON & HART CO. *et al.*

*(Circuit Court, D. Connecticut. November 20, 1889.)*

1. PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—PARTIES.

 Where a patentee grants to a complainant "the exclusive right, liberty, and privilege to make, use, and sell" a patented invention, "during the full unexpired term thereof, and of all reissues, renewals, and improvements," throughout the United States and the territories, the complainant to pay the royalties agreed upon in a separate agreement, and it does not appear whether such grant is an absolute or defeasible conveyance, the complainant must join the owner of the legal title in a suit to enjoin the infringement of the patent.

2. SAME—INTEREST OF COMPLAINANT—PLEADING.

 In such suit, complainant's allegations that, by mesne assignments and grants, it became, prior to the suit, and now is, the party interested in said letters patent, "all of which, by said assignment and grants, now in court produced and shown, will more fully appear," sufficiently show complainant's interest, when coupled with the profert and exhibit.

In Equity. On bill for injunction.
*Maynadier & Beach,* for complainant.
*John P. Bartlett,* for defendants.

SHIPMAN, J. This is a demurrer to the complainant's bill in equity for an injunction against the infringement of two patents. The bill alleges that the complainant, "by mesne assignments and grants," is the party interested in letters patent No. 241,471, dated May 17, 1881, to James Beecher, and makes profert of said assignments and grants. By the written instrument of conveyance, dated April 16, 1886, from the owner of the patent to the complainant, the former grants unto the latter "the exclusive right, liberty, and privilege to make, use, and sell the invention described in and protected by the letters patent of the United States above mentioned, during the full unexpired term thereof, and of all reissues, renewals, and improvements thereof, throughout the United States and the territories thereof; said Clement Manufacturing Company yielding and paying unto said E. Stein the royalties, and upon the terms and conditions, in a certain article of agreement made between the parties, dated the 16th day of April, 1886, specified and set forth." The defendant demurs upon the ground that the instrument is an exclusive license, and is neither an assignment of the patent, nor a grant of the owner's exclusive right thereof, and that therefore the owner should be a party plaintiff.

The fourteenth section of the statute of 1836 authorized the recovery of damages for infringement of patents by action on the case, to be brought in the name of the persons interested, whether as patentees, assignees, or as grantees of the exclusive right within and throughout a specified part of the United States. The terms which were used in this statute were defined as follows:

"An assignee is one who has had transferred to him, in writing, the whole interest of the original patent, or any undivided part of such whole interest, in every portion of the United States; and no one, unless he has had such an interest transferred to him, is an assignee. A grantee is one who has had

transferred to him, in writing, the exclusive right, under the patent, to make and use, and to grant to others to make and use, the thing patented, within and throughout some specified part or portion of the United States. Such right must be an exclusive sectional right, excluding the patentee therefrom. A licensee is one who has had transferred to him, in writing or orally, a less or different interest than either the interest in the whole patent, or an undivided part of such whole interest, or an exclusive sectional interest." *Potter* v. *Holland,* 4 Blatchf. 211.

The fifty-ninth section of the statute of 1870, which corresponded with the fourteenth section of the act of 1836, authorized an action at law to be brought "in the name of the party interested, either as patentee, assignee, or grantee," and did not add "of the exclusive right within a specified portion of the United States;" while the thirty-sixth section authorized the patentee or his assigns "to grant and convey an exclusive right under his patent to the whole, or any specified part, of the United States." The language is substantially reproduced in sections 4898 and 4919 of the Revised Statutes.

The question in dispute is whether the complainant is a grantee, or simply an exclusive licensee; for it is not an assignee, strictly speaking, as that term has been defined. It has not the entire patent, or the undivided part thereof. If it is a grantee, it is substantially conceded that, in equity and at law, it is entitled to sue alone. The complainant insists that it has an exclusive right to the beneficial interest in the entire patent; the right to make, use, and sell the invention throughout all the territory of the United States, for the entire possible life of the patent; and that therefore the conveyance is more than a license. It is a grant of the owner's exclusive rights throughout the entire territory which the patent covers. There is very much force in the argument. The general language of the text-books and of the decisions is that neither the exclusive licensee nor the patentee can maintain a bill in equity against a third person for infringement without joining the other; but the great majority of the reported cases throw but little light on the question in the case. What is called "an exclusive license" is frequently an exclusive license to make a part of the invention which is covered by the patent; or is, in the language of Judge WALLACE in *Telegraph Co.* v. *Brooklyn,* 22 O. G. 1978, 14 Fed. Rep. 255, "a segregated right for a particular employment of the invention." This was the fact in *Hammond* v. *Hunt,* 4 Ban. & A. 111, a case which is quite relied upon by the plaintiff. The conveyance or contract which was the foundation of the defense in that case was an exclusive license, under the patent which had been granted, to make, use, and sell the specified mechanism which was described in the application for a new patent, which application was subsequently denied. Judge LOWELL points out the distinction between such a license and one which is equivalent to an assignment or grant where nothing is reserved to the patentee. It is plain that the language of the text-writers and of courts in regard to the necessity that an exclusive licensee must unite the owner as a co-complainant in a bill in equity is perfectly true when the exclusive license is for a particular employment of the invention. It does not so forcibly apply to such a

license as the one now under consideration. The conveyance in this case is of the exclusive right to make, use, and sell the patented invention; the complainant yielding and paying therefor the royalties, and upon the terms and conditions, specified in a separate agreement. The owner of the patent has the legal title,—a continuing right to receive royalties for the use of the patent; and whether its use is contingent upon the performance of the conditions, which are contained in the separate agreement, is not known. It is apparent that the owner is continually pecuniarily interested in infringements, if these infringements diminish sales, and therefore diminish royalties; and it does not appear whether the exclusive license is an absolute conveyance, or one which may be defeated, and whether the licensee may cease to enjoy the right. It is by no means clear that the owner has not retained a very considerable interest in the patent, and therefore I cannot say that the license amounts to either an assignment or a grant.

In *Nellis* v. *Manufacturing Co.*, 22 O. G. 1131, 13 Fed. Rep. 451, Judge McKennan held that the complainant, to whom and to whose legal representatives had been given the exclusive right to manufacture and sell the patented invention in the United States to the full end of the patented term, could alone maintain a bill in equity for an infringement. It appears, however, that by a subsequent agreement the assignees were relieved from liability to forfeiture, and were released from other liabilities assumed by them by an agreement of even date with the original conveyance, and that the effect of that agreement upon the right conveyed by the assignment was nullified. The court was of opinion that the entire interest of the assignee in the patent was intended to be vested in the assignee.

In illustration of the distinction between an absolute and a conditional conveyance is the case of *Manufacturing Co.* v. *Manufacturing Co.*, 27 Fed. Rep. 550, decided by Judge Blodgett, in which he held that "where owners of patents had granted the entire interest in them for certain territory, but upon certain conditions which grantees were to perform, and, upon failure to perform, the title was to revert to grantors;" "that grantors' title was never fully divested, or at least, they had a possible reversionary interest, so that it was proper to join them as complainants in a suit for infringement of the patents within the territory covered by the grant."

But the precise question in this case came indirectly before the circuit court for this circuit in *Huber* v. *Sanitary Depot*, 34 Fed. Rep. 752, in which it was held that the sole owner of one patent, and exclusive licensee of another, may join his licensor as plaintiff in one bill for an injunction against the use of an apparatus infringing both patents, and that such a bill was not demurrable for misjoinder of parties. The facts in that case appear to have been the same as in this case. The complainant was the owner of one patent, and, " except for the payment of royalties, entitled to the whole beneficial interest in the other." Judge Lacombe says: "As exclusive licensee, however, he is required to join the owner of the legal title." It is true that this question was not prob-

ably a subject of contention between the counsel. The contention was whether one or two bills must be brought, and the fact that the licensor and the exclusive licensee must be joined was not a subject of dispute. But this bill cannot be sustained without disregarding the opinion of the court for this circuit upon the question of law which is raised by the demurrer.

The defendant also demurs because the allegations of the bill in regard to title in either patent are not sufficient. The allegations are that, by mesne assignments and grants, it became, prior to the bringing of this suit, and now is, the party interested in said letters patent; "all of which, by said assignment and grants, now in court produced and shown, will more fully appear." The objection is that the bill does not show how the complainant is interested, whether as assignee, grantee, or whether it is solely interested, or the extent of the interest. The allegations, coupled with the profert and exhibit of the "assignments and grants," which show the nature and character of the interest, are sufficiently definite. The demurrer, so far forth as it relates to the parties who must unite in a suit upon the Beecher patent, is sustained. Leave is given to amend.