## HATFIELD *v.* SMITH *et al.*

### (*Circuit Court, S. D. Ohio, W. D.* November 7, 1890.)

1. PATENTS FOR INVENTIONS—ASSIGNMENT—LICENSE.

An instrument which is in terms a transfer by complainant to defendant of the exclusive right "to manfacture and sell and vend" certain patented articles, the purchasers to have the right to use the articles, which expresses that it is intended for the purpose of vesting in defendants all the rights of complainant in the manufacture and sale of such articles, but which expressly provides that complainant shall retain the ownership of the patent, and in which defendants stipulate for payment of royalties and to do all reasonable things for the successful manufacture and sale of the patented articles, is a mere license.

2. SAME—ESTOPPEL.

Where defendants admit that they have manufactured and sold under such license, and that they have assigned whatever rights they had thereunder, they will not be permitted to plead that they were led to make the contract by complainant's false and fraudulent representations, nor that the patent was invalid, as complainant knew.

In Equity.

*Parkinson & Parkinson*, for complainant.

*Peck & Rector* and *E. W. Kittredge*, for respondents.

SAGE, J. 1. The contention of the defendants that the contract forming the basis of the bill is not a mere license, but is a grant of the entire equitable title in and to the patent, with the right to the grantees to assign at pleasure, subject to the conditions of the contract, is not, in my opinion, well founded. The contract is nothing more than a license. It is in terms a transfer of the sole and exclusive right "to manufacture and sell and vend" the patented improvements throughout the United States, the purchasers to have the right to use. It expresses that this grant is intended for the purpose of vesting in the defendants all the rights of the complainant in the manufacture and sale of said improvements throughout the United States under said inventions, but it is expressly provided that the complainant shall retain the ownership of the patent. Now, while it is true that the transfer of an exclusive right to make and use and sell may be an assignment, and not a mere license, it is also true that the "right to manufacture, the right to sell, and the right to use, are substantive rights, and may be granted or conferred separately by the patentee," (*Adams* v. *Burke,* 17 Wall. 456,) and that the conveyance of all these rights is necessary to make the transfer an assignment, and not a license. The right to use is not, under the contract, conveyed to the defendants, only the right to manufacture and sell. Moreover, the express provision of the contract retaining the ownership of the patent in the complainant, is not to be overlooked, nor is its significance to be disregarded, nor are the stipulations of the defendants to do all reasonable things for the successful manufacture or sale of the patented articles and for the payment of royalty.

2. The defendants admitting, as they do, that they manufactured and sold under the license, and that they have assigned whatever rights they had thereunder to the parties named in the bill and in the answer,

they will not be permitted to plead that they were led to make the contract by false and fraudulent representations of the complainant, nor that the patent was invalid, as the complainant well knew. It has been held that if the licensee, under the assumed protection of the patent, has enjoyed advantages of which, without the license, he would have been deprived, he is subject to the obligations of the license, and continues so to be until he is disturbed in his enjoyment by a superior patent, or until the patent under which he acts has been declared invalid or annulled. 3 Rob. Pat. § 1251, and cases there cited. The amended answer differs from the answer, to which exceptions were sustained, only in that it avers that the complainant falsely and fraudulently represented that he was the inventor of the patented·article described in the license. The amendment does not, in my opinion, add anything to the legal effect of the answer. Leave to file the amended answer is therefore refused.