## RICE *v.* BOSS.

*(Circuit Court, N. D. New York.* May 11, 1891.)

PATENTS FOR INVENTIONS—LICENSE.

A conveyance by a patentee of the right "to use and manufacture and sell rights to use" the patented article in a certain county is a mere license, not entitling the grantee to sue for infringement in his own name, since it does not convey the right to sell the patented article.

In Equity.

*George B. Selden,* for complainant.

*S. D. Bentley,* for defendant.

COXE, J. This is an action in equity, founded upon letters patent No. 172,608, granted to John W. Cassidy, January 25, 1876, for an improved fruit-drying apparatus. On the 4th of March, 1881, the patentee conveyed to the complainant the right, under the patent, for the county of Wayne in this state, "to use and manufacture and sell rights to use in said county, and in no other place or places." The defendant insists that this instrument is not a territorial assignment, but a license merely, and that the complainant has no standing to maintain this suit alone. The patent granted to Cassidy "the exclusive right to make, use and vend the said invention throughout the United States and the territories thereof." Unless the complainant possesses the same right for the county of Wayne, viz.: "The exclusive right to make, use and vend the invention," it is entirely clear that he cannot maintain the action in his own name. In the case of *Waterman* v. *Mackenzie,* 11 Sup. Ct. Rep. 334, the supreme court say:

"The patentee or his assigns may, by instrument in writing, assign, grant and convey, either, (1) the whole patent, comprising the exclusive right to make, use and vend the invention throughout the United States; or, (2) an undivided part or share of that exclusive right; or, (3) the exclusive right under the patent within and throughout a specified part of the United States. * * * Any assignment or transfer, short of one of these, is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement. * * * The grant of an exclusive right under the patent within a certain district, which does not include the right to make, and the right to use, and the right to sell, is not a grant of a title in the whole patent-right within the district, and is therefore only a license."

In *Mitchell* v. *Hawley,* 16 Wall. 544, the conveyance was very similar to the one at bar. The language was as follows:

"The exclusive right to make and use, and to license to others the right to use the said machines in the said states of Massachusetts and New Hampshire, and in no other place or places."

The supreme court regarded this as a license only.

In *Gayler* v. *Wilder,* 10 How. 477, the agreement granted "the exclusive right to make and vend the Salamander safe in the city, county and state of New York," but it reserved to the grantor the right to manufact-

ure the safes at a greater distance than 50 miles from the city of New York and sell them in the state on paying a royalty to the grantee. It was decided that this was only a license, the court holding, that in order to enable the assignee to sue in his own name "the assignment must undoubtedly convey to him the entire and unqualified monopoly which the patentee held in the territory specified, excluding the patentee himself, as well as others. Any assignment short of this is a mere license."

In *Oliver* v. *Chemical Works*, 109 U. S. 75, 3 Sup. Ct. Rep. 61, the grant was of "the exclusive right to use, within the territory specified, the patented acid in making self-raising flour, and to use and sell in said territory the flour so made." The court held this to be a license. It was decided, further, that in order to give a territorial grantee an exclusive right no interest must be left in the grantor for that territory, as to anything granted by the patent.

In *Hatfield* v. *Smith*, 44 Fed. Rep. 355, it was held that a contract which transferred "the sole and exclusive right to manufacture and sell and vend the patented improvements throughout the United States, the purchasers to have the right to use," was nothing more than a license. See, also, *Rubber Co.* v. *Goodyear*, 9 Wall. 788; *Potter* v. *Holland*, 4 Blatchf. 211; *Gamewell Co.* v. *Brooklyn*, 14 Fed. Rep. 255; *Ingalls* v. *Tice*, Id. 297; *Wilson* v. *Chickering*, Id. 917; *Bogart* v. *Hinds*, 25 Fed. Rep. 484; *Hammond* v. *Hunt*, 4 Ban. & A. 111; *Sanford* v. *Messer*, 1 Holmes, 149.

The rule deducible from these authorities is very clear. In the case of territorial grants the grantee, if he seeks to maintain an action in his own name, must be supreme within the assigned territory and possess all the rights of the patentee. He must be able to do all that the patentee could do, if the conveyance had not been made, and be in a position to treat all as infringers, including the patentee himself, who make, or use, or sell the invention within the assigned territory. If he does not possess these rights and occupy this position he is only a licensee. The pleader was, apparently, entirely familiar with this rule for he alleges that the patentee "assigned and transferred to your orator, the entire right, title and interest in and to the invention and discovery secured by the said letters patent in and for the county of Wayne. * * * And your orator became, and now is, the sole and exclusive owner of said letters patent for the said county." The proof fails to support this allegation. It seems reasonably clear that, tested by the rule in question, the conveyance of March 4, 1881, is, in legal contemplation, a license. It does not convey the entire right secured by the patent. The patentee reserves a part of that right. He can, notwithstanding the assignment, operate to a limited extent in Wayne county, without subjecting himself to a charge of infringement. When analyzed the instrument of March 4, 1881, will be found to convey to the complainant the right in Wayne county—*First*, to use the invention; *second*, to make the invention; and, *third*, to sell rights to use the invention. It will be observed that the patentee nowhere gives the complainant a right to sell the patented drier; he may make it; he may use it himself, and he

may license others to use it in Wayne county, but he must not sell it, or convey to others the right to make it or sell it. He can sell nothing but a right to use, and this right to use is restricted to the county of Wayne. It cannot be said that this language was inartistically used and that the intention was to convey the exclusive monopoly for Wayne county. No such inference can be drawn from the instrument itself. Indeed, the motive which actuated the assignor is quite apparent. He wished the complainant to have the monopoly for the county of Wayne, but he wished it to be strictly confined to that county. If permitted to sell the machines in the county of Wayne the complainant might set up a manufactory and make large sales there. The machines so sold in Wayne county could then be lawfully transported into the neighboring counties and used there, or anywhere else, to the manifest injury of the patentee. *Adams* v. *Burke,* 17 Wall. 453; *McKay* v. *Wooster*, 2 Sawy. 373; *Hobbie* v. *Smith*, 27 Fed. Rep. 656. To illustrate. Suppose that a third party should bring a patented drier into Wayne county and sell it there to some one residing in Ohio, for use in that state. This act would constitute an infringement, but could the complainant maintain an action against the infringer? Clearly not. None of his rights would be invaded. The patentee could sue, because he still retains the right to sell the invention for use elsewhere, but not the complainant. As the patentee has not parted with his right to sell in the county of Wayne, it is manifest that he can now sell driers in that county for use elsewhere if he sees fit. It is also plain that as this right to sell is not expressly transferred to the complainant he cannot treat as an infringer one who simply sells a drier in Wayne county, whether he be the patentee or a third person. In short, it is plain that the complainant has not received all that the patentee could give. His right under the patent is less than the whole, some part of the government grant to the patentee has been withheld from the complainant. The case of *Pickhardt* v. *Packard*, 23 Blatchf. 23, 22 Fed. Rep. 530, is not in conflict with these views, for there the complainants received from the patentee "the right to make, use and sell and vend to others to use and sell the invention throughout the United States." It follows that the action in its present form cannot be maintained.