WALTER A. WOOD HARVESTER CO. v. MINNEAPOLIS-ESTERLY HARVESTER CO.

(Circuit Court, D. Minnesota, Fourth Division. January 16, 1894.)

1. PATENTS—FEDERAL JURISDICTION.
   Plaintiff alleged infringement, and defendant set up a right to manufacture and sell under plaintiff's patents, by virtue of a license which it held by assignment from the licensee. Plaintiff claimed that the license was unassignable, and that defendant had no rights thereunder. *Held,* that the matters to be determined arose out of and depended upon the patent laws, and the case was therefore one of federal jurisdiction. Hartell v. Tilghman, 99 U. S. 547, distinguished.

2. SAME—ASSIGNABILITY OF LICENSE.
   A license which contains no words importing assignability, such as "heirs," "successors," "assigns," and the like, is unassignable.

This was a suit by the Walter A. Wood Harvester Company against the Minneapolis-Esterly Harvester Company for infringement of certain patents.

T. D. Merwin (John R. Bennett, of counsel), for complainant.
Paul & Hawley (A. C. Paul, of counsel), for defendant.

NELSON, District Judge. This suit is brought for an alleged infringement of the following described letters patent: No. 208,137, dated September 17, 1878; No. 212,420, dated February 18, 1879; No. 257,837, dated May 16, 1882; No. 266,949, dated October 31, 1882; No. 255,712, dated March 28, 1882. The bill alleges that both parties are citizens of the state of Minnesota; that the exclusive right to manufacture in the state of Minnesota under these patents was acquired by complainant, then under the name of the Minneapolis Harvester Works, by written instrument from the patentee, dated March 17, 1881, and that the following license had been previously issued to George Esterly & Son by the same patentee:

"Articles of agreement entered into this Nov. 7, 1879, by and between Charles H. Parker, Gustavus Stone, L. H. Parker, John F. Appleby, and Edwin D. Bishop, all of Beloit, Wisconsin, parties of the first part, and George Esterly and George W. Esterly, under the firm name of George Esterly & Son, of Whitewater, Wisconsin, parties of the second part, witnesseth: That the said party of the first part hereby licenses the party of the second part to manufacture and to sell to others, during the life of the patents, what is known as the 'Appleby Twine Binder.' And we further agree that the said party of the second part shall have the full benefit of all improvements that may from time to time be made by us to said binder. And we further agree that the said party of the second part shall have the full benefit of a patent we own on the reel of the harvester, known as the 'Beloit Harvester,' and such other patents as are still pending on the harvester and binder. In consideration of the foregoing privileges, the party of the second part hereby agrees to pay to the party of the first part the sum of $5 as a royalty for each and every binder manufactured and sold by the party of the second part; said settlement to be made on or before the 1st of January after such sales have been made. And said party of the second part further agrees to keep their account of sales in such a shape that said account can be examined by the party of the first part at any time. It is hereby mutually agreed that in case the party of the second part uses the patents of the harvester, without the binder, they shall pay to the party of the first part one-half of the royalty agreed upon, as above. And it is further mutually agreed that the party of the first part shall have power to revoke this license in case the party of the second part fails to perform their part of the agreement. The party of the first part agrees that the five-dollar royalty paid for the binder shall include the use of such patents as we have on the harvester, without consideration, where the harvester and binder are sold as one machine.

"[Signed]
　　　　　　　　　　　　　　　　Charles H. Parker.
　　　　　　　　　　　　　　　　"Gustavus Stone.
　　　　　　　　　　　　　　　　"L. H. Parker.
　　　　　　　　　　　　　　　　"J. F. Appleby.
　　　　　　　　　　　　　　　　"E. D. Bishop.
　　　　　　　　　　　　　　　　"George Esterly.
　　　　　　　　　　　　　　　　"George W. Esterly.

"Witnesses:
　　"E. P. Burrows.
　　"J. E. Bassett.
　　"W. G. Leffingwell."

Complainant insists that this license was personal to George Esterly & Son, and unassignable, and prays a preliminary injunction. Defendant, admitting it is manufacturing in Minnesota under the license of November 7, 1879, issued to George Esterly & Son, claims

the right to do so by assignment duly traceable to that firm; and now asks that the bill be dismissed, on the ground that no question under the patent laws or other federal question is involved, and that this court is without jurisdiction in the case. Both motions are heard together. There are other matters set up in the pleadings by the parties, but, in my view of the case, it is not necessary to consider them.

The relief sought in this suit is not to enforce or set aside a license contract. It is virtually charged in the bill of complaint that the defendant has no right to manufacture in this state under the Appleby and other patents, and is infringing the rights of complainant. All that is to be determined by the court depends upon and arises out of the patent laws. If the license of November 7, 1879, is personal to the licensees therein named, the manufacture by the defendant under the letters patent is unlawful, for it has no authority or right so to do. The existence of the right to manufacture being directly involved, the controversy grows out of the patent laws, and this court has jurisdiction. Defendant cites the case of Hartell v. Tilghman, 99 U. S. 547, in support of its position, but I do not think it is in point. In that case it was conceded that the parties, who were citizens of the same state, entered into a parol license, and defendant operated under it for some months. Complainant then undertook to rescind the license and sue for infringement, because defendant would not sign a written license, which complainant insisted, but defendant denied, was a part of the parol license. The court held that, under the circumstances of the case, the license could not be rescinded in that manner, and that there was still a subsisting license which must govern the rights of the parties, the subject-matter of which was not cognizable in a federal court. The question of infringement was not involved in that case. The question which must control is: Was the license of November 7, 1879, assignable, or was it personal to George Esterly & Son? Upon careful examination I do not find any words that carry power to assign this license; nowhere do the words "heirs," or "successors," or "assigns," or words of similar import, appear. It is well established that a license by a patentee is personal to the licensee, and not transferable to another, unless it contains words which show that it was intended to be assigned. I think the absence of any words of assignability in this license shows an intent to make it run to George Esterly & Son alone, as clearly as if words of nonassignability had been incorporated therein. I am therefore of the opinion that the license of November 7, 1879, was personal to George Esterly & Son, and did not carry with it the power to assign or transmit any rights under the same to this defendant, and the motion to dismiss is denied.

Again, the right of the complainant to an injunction, as the case now stands, would seem clear; but there are some equitable considerations which influence me to relieve the defendant from the strict and rigid application of the rule in granting preliminary injunctions. The suit can be brought to final hearing at the March term at Minneapolis, and the defendant's counsel suggests that to that end

he will expedite the cause. The defendant has as yet adduced no testimony, and may possibly change the status of the case; besides, adequate protection can be afforded by an indemnity bond. I shall therefore enter an order that a preliminary injunction issue, unless the defendant within 10 days gives a bond in the sum of $25,000, with sureties to be approved, to pay all and any costs and damages that may be awarded the complainant for the alleged infringement as charged in the bill of complaint, with leave to the complainant, if bond is filed, to renew the motion for an injunction at the March, 1894, term of the court at Minneapolis, Minn.