## MOORE MANUFACTURING & FOUNDRY CO. v. CRONK HANGER CO. et al.

(Circuit Court, N. D. New York. October 15, 1895.)

### No. 6,325.

PATENTS—INFRINGEMENT SUITS—BILL BY LICENSEE—NECESSARY PARTIES.

A patentee entered into an agreement by which he "licenses, empowers, and authorizes the said company to make, use, and sell for use throughout the United States" any devices secured by his letters patent, "the said license and authority to exist only for six years"; and, "in case said company desires it, they may terminate said license and their liability under it by serving a written notice upon" said patentee. *Held* that, in an action for infringement, the grantee cannot sue without joining the patentee as a party complainant.

This was a bill by the Moore Manufacturing & Foundry Company against the Cronk Hanger Company and others for alleged infringement of a patent.

Benedict & Morsell, for complainant.
Charles H. Duell, for defendants.

COXE, District Judge. The amended bill contains the written agreement under which the complainants assert title to the patents in suit. It provides as follows:

"The said Moore [the patentee] hereby licenses, empowers and authorizes the said company [the complainants] to make, use and sell for use throughout the United States, exclusive of all others, any and all of the devices secured by letters patent of the United States issued to said Moore, * * * the said license and authority to exist only for six years from and after the 1st day of August, 1893. * * * In case said company desires it, they may terminate said license and their liability under it, by serving a written notice upon said Moore that they so elect, and paying to him all royalties due thereunder up to the date of service of such notice."

The ground of demurrer is that the complainants are licensees merely and cannot maintain the bill alone,—Moore being the owner of the legal title and a necessary party to the suit. The instrument referred to is, upon its face, a license. It calls itself a license over and over again. This fact, though not controlling, is significant as showing the intent of the parties. The license is not for the full term of the patents, but six years only, a part of the consideration being the yearly payment, in semi-monthly installments, of $3,000, "as royalty or license fees." The complainants have the right at any time to terminate "said license." It is a personal license merely. There are no words permitting a transfer by the complainants. Walter A. Wood Harvester Co. v. Minneapolis-Esterly Harvester Co., 61 Fed. 256; Nail Factory v. Corning, 14 How. 193. It does not give the complainants all that Moore possessed. The patent "grants" to

Moore "the exclusive right to make, use and vend the invention throughout the United States and the territories thereof." The agreement "licenses, empowers and authorizes" the complainants "to make, use and sell for use throughout the United States the devices secured," etc. This peculiar phraseology cannot be ignored. In thus departing deliberately from the language of the statute it is clear that the parties meant something. Just what they meant it is not necessary now to determine. Is it possible that the patentee wished to reserve the right to license others to sell the patented devices manufactured by the complainants? It may be that he did not wish to have the goods sold by complainants to large jobbers, and by them resold to consumers. He may have intended in this way to retain the right to sell here for foreign use. The complainants can make and use the invention, but they cannot sell it except for use in the United States. By restricting sales to those only who use the patented device, a right granted to Moore is withheld from the complainants. Were this otherwise, the words "for use" would not have been added to the familiar language of the statute. These are, of course, exceedingly technical considerations, but the question is a narrow one and demands such distinctions. The court does not attempt to interpret the instrument or intend to say that it is capable of a construction in accordance with the foregoing intimations. It is enough that it places an obvious limitation upon the grant of the patent; that Moore is not completely ousted by the transfer; that some rights still remain in him; that for some purposes he may maintain an action against infringers.

Without elaborating the subject further it is thought that the defendants' contention is upheld by the following authorities: Waterman v. Mackenzie, 138 U. S. 252, 11 Sup. Ct. 334; Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244; Oliver v. Chemical Works, 109 U. S. 75, 3 Sup. Ct. 61; Mitchell v. Hawley, 16 Wall. 544; Clement Manuf'g Co. v. Upson & Hart Co., 40 Fed. 471; Hatfield v. Smith, 44 Fed. 355; Rice v. Boss, 46 Fed. 195; Still v. Reading, 9 Fed. 40; Rob. Pat. § 1099. Even if it be conceded that the question is doubtful, it would still seem for the manifest interest of the complainants to eliminate it from the record by joining the patentee as a party complainant.

The demurrer is sustained. The complainants may amend within 20 days if so advised.