## MITCHELL *v.* HAWLEY.

A patentee of certain machines, whose original patent had still between six and seven years to run, conveyed to another person the "right to make and use and to license to others the right to make and use four of the machines" in two States "during the remainder of the original term of the letters-patent, *provided*, that the said grantee shall not in any way or form dispose of, sell, or grant any license to use the said machines *beyond* the said term." The patent having, towards the expiration of the original term, been extended for seven years, *held*, that an injunction by a grantee of the extended term would lay to restrain the use of the four machines, they being in use after the term of the original patent had expired.

APPEAL from the Circuit Court for the District of Massachusetts; the case being thus:

The 18th section of the Patent Act of July 4th, 1836,* after enacting that patents may in certain cases be extended, and that "thereupon the said patent shall have the same effect in law as though it had been originally granted for the term of twenty-one years," adds:

"And the benefit of such renewal shall extend to assignees and grantees of the right to use the thing patented to the extent of their respective interests therein."

With this statutory enactment in force the United States, on the 3d of May, 1853, granted a patent to one Taylor for fourteen years for improved machinery in felting hats, the patent lasting, of course, till May 3d, 1867.

While the patent was in force, that is to say on the 19th of November, 1860, Taylor, by deed reciting that one Bayley was " desirous of obtaining the exclusive right to make and use, and license to others the right to use the said machines in the States of Massachusetts and New Hampshire," " conveyed to the said Bayley" certain rights, as follows:

" The exclusive right to make and use, and to license to others the right to use the said machines in the said States of Massachusetts and New Hampshire, and in no other place or places, during the remainder of the original term of said letters-patent. *Provided, that the said Bayley shall not in any way or form dispose of, sell, or grant any license to use the said machines beyond the 3d day of May, A.D. 1867.*

" Should the said letters-patent be extended beyond the 3d of May, A.D. 1867, then it is agreed that the said Bayley shall have the right to control the same in the said States of Massachusetts and New Hampshire, provided that he shall pay to the said grantor or his heirs or assigns, a fair and reasonable compensation for the same, or on terms as favorable as may be offered by any other person or party."

---

* 5 Stat. at Large, 125.

In possession of this license Bayley, on the 18th of March, 1864, in consideration of $1200, licensed one Mitchell and others of the town of Haverhill, Massachusetts, to run and use two sets (four machines) for felting hats, in said town of Haverhill, *under Taylor's patent bearing date May 3d, A.D. 1864.*

Before the patent expired (May 3d, 1867) the Commissioner of Patents renewed and extended it for the further term of seven years; and one Hawley, having become the owner of this extended term for the States of Massachusetts and New Hampshire, filed a bill against Mitchell and the others to restrain them from using the four machines which Bayley on the 18th of March, 1864, had given them license to use, it being admitted that the said Mitchell et al. were now using those identical machines.

The court below granted the injunction, and the defendants took this appeal.

*Mr. F. A. Brooks, for the appellant,* relying on *Bloomer* v. *Millinger,*[*] and on the 18th section of the Patent Act, contended that à sale of machines by the patentee himself operated to take *the thing sold* out of the reach of the Patent Act altogether, and that as long as the machines themselves lasted, the owner could use them.

*Mr. J. E. Manadier, contra,* argued that here the right to make and use, and to license to others the right to use, was expressly limited as to duration by apt words, showing clearly an intent that it should not survive the original term of the patent; that this was a perfectly lawful sort of contract, and therefore that the rights must expire with that term; for that neither the 18th section of the Patent Act nor anything laid down in *Bloomer* v. *Millinger* was applicable.

Mr. Justice CLIFFORD delivered the opinion of the court.

Patentees acquire by their letters-patent the exclusive right to make and use their patented inventions and to

---

[*] 1 Wallace, 351.

vend the same to others to be used for the period of time specified in the patent, but when they have made one or more of the things patented, and have vended the same to others to be used, they have parted to that extent with their exclusive right, as they are never entitled to but one royalty for a patented machine, and consequently a patentee, when he has himself constructed a machine and sold it without any conditions, or authorized another to construct, sell, and deliver it, or to construct and use and operate it, without any conditions, and the consideration has been paid to him for the thing patented, the rule is well established that the patentee must be understood to have parted to that extent with all his exclusive right, and that he ceases to have any interest whatever in the patented machine so sold and delivered or authorized to be constructed and operated. Where such circumstances appear, the owner of the machine, whether he built it or purchased it, if he has also acquired the right to use and operate it during the lifetime of the patent, may continue to use it until it is worn out, in spite of any and every extension subsequently obtained by the patentee or his assigns.*

Patents were granted, under the prior Patent Act, for the term of fourteen years, but the provision was that a patentee in certain cases might have the term extended for seven years from and after the expiration of the first term, and the same section provided that the benefit of such renewal shall extend to assignees and grantees of the right to use the thing patented to the extent of their respective interests therein, which last provision has frequently been misunderstood. Such misapprehension has usually arisen from a failure to keep in view the well-founded distinction between the grant and the right to make and vend the patented machine, and the grant of the right to use it, as was first satisfactorily pointed out by the late Chief Justice Taney with his accustomed clearness and precision.†

---

\* Bloomer v. Millinger, 1 Wallace, 350.

† Bloomer v. McQuewan, 14 Howard, 549; Chaffee v. Boston Belting Co., 22 Id 223.

Restatement of the case in the opinion.

Purchasers of the exclusive privilege of making or vending the patented machine hold the whole or a portion of the franchise which the patent secures, depending upon the nature of the conveyance, and of course the interest which the purchaser acquires terminates at the time limited for its continuance by the law which created the franchise, unless it is expressly stipulated to the contrary. But the purchaser of the implement or machine for the purpose of using it in the ordinary pursuits of life stands on different grounds, as he does not acquire any right to construct another machine either for his own use or to be vended to another for any purpose. Complete title to the implement or machine purchased becomes vested in the vendee by the sale and purchase, but he acquires no portion of the franchise, as the machine, when it rightfully passes from the patentee to the purchaser, ceases to be within the limits of the monopoly.

Patented implements or machines sold to be used in the ordinary pursuits of life become the private individual property of the purchasers, and are no longer specifically protected by the patent laws of the State where the implements or machines are owned and used. Sales of the kind may be made by the patentee with or without conditions, as in other cases, but where the sale is absolute, and without any conditions, the rule is well settled that the purchaser may continue to use the implement or machine purchased until it is worn out, or he may repair it or improve upon it as he pleases, in same manner as if dealing with property of any other kind.

Letters-patent were granted to James F. Taylor for new and useful improvements in machinery for felting hats, bearing date the third of May, 1853, securing to him the exclusive right to make and use and to vend to others the right to make and use the said machines for the term of fourteen years from the date of the letters-patent. Due conveyance or license, subject to certain restrictions and limitations, was made by the patentee of the exclusive right to make and use "*and to license to others the right to use the said machines*"

in the States of Massachusetts and New Hampshire, *during* the remainder of the original term of said letters-patent, it being expressly stipulated in the instrument of conveyance that the licensee " *shall* not, *in any way, or form, dispose of, sell, or grant* any license to use the said machines beyond the expiration " of the original term.    Apart from that the patentee also stipulated that the said licensee, if the patent should be extended, should have the right to control the same in those two States, he paying to the grantors in his license, or their heirs and assigns, a fair and reasonable compensation for the same, on terms as favorable as may be offered to any other person or party.    Bayley, as such licensee, on the eighteenth of March, 1864, constructed four machines, being two sets, and sold the machines, " with the right to r un " the same, to the grantors of the respondents, for the sum of twelve hundred dollars, executing to the purchasers at the same time a license under his hand and seal, authorizing the purchasers, as such licensees, " to run and use two sets (four machines) for felting hats, in said town of Haverhill, under Taylor's patent, bearing date as specified in the original letters-patent," showing conclusively that the purchasers were referred to the original letters-patent as the source of his authority.    Of course said letters-patent expired on the third of May, 1867, and the record shows that the commissioner, before the term expired, renewed the letters-patent and extended the same for the further term of seven years from the expiration of the original term, and that the complainants having become by certain mesne conveyances, duly recorded, the exclusive assignees of the right, title, and interest in the renewed letters-patent for those two States, instituted the present suit to restrain the respondents from using the four machines which they or their grantors purchased of the licensee under the original letters-patent. They appeared to the suit and filed an answer setting up as a defence to the charge of infringement that they are by law authorized to continue to use the four machines just the same under the extended letters-patent as they had the right to do under the original patent, when the purchase was made

by those under whom they claim, which is the only question in the case.

No one in general can sell personal property and convey a valid title to it unless he is the owner or lawfully represents the owner. *Nemo dat quod non habet.* Persons, therefore, who buy goods from one not the owner, and who does not lawfully represent the owner, however innocent they may be, obtain no property whatever in the goods, as no one can convey in such a case any better title than he owns, unless the sale is made in market overt, or under circumstances which show that the seller lawfully represented the owner.*

Argument to show that the grantor under whom the respondents claim never acquired the right to sell the machines and give their purchasers the right to use the same in the ordinary pursuits of life beyond the term of the original patent is certainly unnecessary, as the instrument of conveyance from the patentee to him, which describes all the title he ever had, expressly stipulates that he shall not in any way or form dispose of, sell, or grant any license to use the said machines beyond the expiration of that term of the patent, and the form of the license which he gave to the purchasers shows conclusively that he understood that he was not empowered to give a license which should extend beyond that limitation. Notice to the purchaser in such a case is not required, as the law imposes the risk upon the purchaser, as against the real owner, whether the title of the seller is such that he can make a valid conveyance. Certain exceptions undoubtedly exist to that rule, but none of them have any application to this case. Suppose the rule was otherwise, and that the real owner, in order to defeat the

---

* Foxley's Case, 5 Coke, 109 a ; 2 Blackstone's Commentaries, 449 ; 2 Kent, 11th ed. 224; Williams v Merle, 11 Wendell, 80 ; Stone v. Marsh, 6 Barnewall & Creswell, 551; Marsh v. Keating, 1 Bingham, New Cases, 198 ; Marsh v. Keating, 2 Clarke & Finelly, 250 ; Benjamin on Sales, 4 ; White v. Spettigue, 13 Meeson & Welsby, 603 ; 1 Smith's Leading Cases, 7th edition, 1195; 1 Parson's Con., 5th ed. 520.

title of the purchaser, must show that the latter knew what the facts were, the court would still be of the opinion that the decree ought to be affirmed, as the terms of the license which the seller gave to the purchasers were sufficient to put them upon inquiry, and it is quite obvious that the means of knowledge were at hand, and that if they had made the least inquiry they would have ascertained that their grantor could not give them any title to use the machines beyond the period of fourteen years from the date of the original letters-patent, as he was only a licensee and never had any power to sell a machine so as to withdraw it indefinitely from the operation of the franchise secured by the patent.

DECREE AFFIRMED.