BRUSH-SWAN ELECTRIC LIGHT CO. *et al. v.* THOMSON-HOUSTON ELECTRIC CO.

(*Circuit Court, D. Connecticut.* November 7, 1891.)

PATENTS FOR INVENTIONS — LICENSE TO SELL — RIGHTS OF ASSIGNEE — SUIT FOR INFRINGEMENT—PARTIES.

An Ohio corporation owning an electric light patent gave another company an exclusive license to sell the patented article in New England. Afterwards a Connecticut corporation owning other electric light patents obtained a controlling interest in the stock of the licensor. *Held,* that the licensee, in a suit in the district of Connecticut against the Connecticut corporation for selling an infringing article within its territory, had *prima facie* implied authority, by virtue of the license, to join the licensor as a party plaintiff against the latter's will; especially as the latter, being out of the jurisdiction of the court, could not be served as a party defendant.

In Equity.

*Morris W. Seymour* and *Wm. G. Wilson,* for Brush-Swan Company.

*F. L. Crawford* and *Charles R. Ingersoll,* for Brush Electric Company.

SHIPMAN, J. This is a bill in equity, which is brought under the patent laws, to restrain an alleged infringement of letters patent No. 219,-208, dated September 2, 1877, to Charles F. Brush. The bill alleges that the Brush-Swan Electric Light Company of New England, a New York corporation, which will hereafter be called the Brush-Swan Company, is vested with the exclusive license and agency for the sale of the described patented improvement throughout a specified territory of the United States, by virtue of sundry contracts, which are annexed to the bill, with the Brush Electric Company, an Ohio corporation, hereinafter called the Cleveland Company, which is, by assignment, the sole owner of the patent. These two corporations are the complainants. The bill further alleges that the defendant, the Thomson-Houston Electric Company, a Connecticut corporation, is and has been making, selling, using, and renting to others to be used, infringing electric lamps within the territory named in said contracts.

The matter now under consideration is the Cleveland Company's motion to strike out its name as a party complainant, because the bill has been filed without its authority or consent. It is conceded that the bill was brought by the solicitors of the Brush-Swan Company without the knowledge of the Cleveland Company, and that no express authority to bring suits in its name had been given either in said contracts or otherwise; but it is contended that, by virtue of the license, the licensee has the implied consent and authority to use the name of the owner of the patent as a co-complainant, and a vested right to bring a suit in its name, whether with or against its will. The facts in this case are peculiar. The various contracts "of license and agency" give to the Brush-Swan Company an exclusive agency and license for the sale, within a specified territory, of "the dynamo electric machines and apparatus made and sold by, or the patents for which are controlled by, the parties of the first part." The patents are described. The Brush-Swan Company is not to sell apparatus of the described character, except that sold by the Cleveland Company, without its consent. The Cleveland Company is to fix prices, and the agent is to have a discount of 20 per cent. The parent company has no right to sell machines or apparatus within the specified territory, except under circumstances to be mutually agreed upon, and in such case it pays to the Brush-Swan Company the 20 per cent. discount. The contracts are, in their important features, contracts of agency between a principal manufacturer and a selling agent. In some of their features they have the appearance of contracts between a manufacturer and a person who is, under certain limitations, to have the exclusive right to purchase and deal in the manufactured articles within a specified territory; but they are probably contracts of license, under the patent laws, to sell within a specified portion of the United States a patented improvement manufactured by the owner of the patent. The licensor became distrustful of the licensee; thought that it had broken its contract; desired to put an end to the agency; and declared the contracts to be terminated. Litigation ensued in the southern district of New York, which has proceeded to an interlocutory decree, and has thus far resulted favorably to the Brush-Swan Company. The entire capital stock of the Cleveland Company is $2,500,000, of which $2,000,000 are common and $500,000 are preferred stock. During the year preceding January 19, 1891, about nineteen-twentieths of the common stock went into the hands of the defendant in this case, the Thomson-Houston Electric Company. It thus appears that the defendant is in control of the Cleveland Company.

Upon the motion, the Brush-Swan Company contended broadly that the licensee to sell a patented device within a specified territory has an absolute implied right, under all circumstances, to join the owner of the patent, against his will, in a bill in equity against a person who is alleged to infringe the entire patent-right of the owner by making, selling, using, and renting infringing devices. This general question I do not intend to decide. It is obvious that if the licensee of the bare right to sell has, under all circumstances, by the mere agreement to license, such

an absolute, implied power, which cannot be controlled by a court of equity, it is a large power. He can, by joining the owner of the entire legal and remaining equitable right in the patent, compel him to enter into an expensive and perilous litigation, or to submit to an adjudica-. tion in regard to the validity or the construction or the extent of his patent, which may be injurious to his pecuniary interests. If the interest of the owner, who has merely given his agent a license to sell within a specified territory, and who is still the owner of the substantial and important portion of the patent, can be, against his will and without the service of process, subjected to litigation and judicial decree, there is danger that the power of the licensee will be wantonly exercised. On the other hand, it is reasonably certain that a licensee can, in an action at law, use the name of the owner of the patent, (*Wilson* v. *Chickering*, 14 Fed. Rep. 917; *Goodyear* v. *McBurney*, 3 Blatchf. 32; *Same* v. *Bishop*, 4 Blatchf. 438;) and it has also been declared with positiveness that a licensee of a patent cannot bring a suit in his own name, at law or in equity, for its infringement by a stranger, (*Birdsell* v. *Shaliol*, 112 U. S. 486, 5 Sup. Ct. Rep. 244.) In this case, the Cleveland Company is really a co-defendant, in view of the Thomson-Houston Company's controlling ownership of its stock; but, being a resident of Ohio, it cannot be served with process, as a co-defendant, in this suit. Though it cannot be compelled to come into court as a defendant, "a court of equity looks at substance rather than form. When it has jurisdiction of the parties, it grants the appropriate relief, whether they come as plaintiff or defendant," (*Littlefield* v. *Perry*, 21 Wall. 205,) and places them according to the real positions which they respectively occupy in the controversy.

The necessity of making the owner of the patent a party in an action for infringement is authoritatively declared in *Waterman* v. *Makenzie*, 138 U. S. 252, 11 Sup. Ct. Rep. 334, as follows: "In equity, as in law, when the transfer amounts to a license only, the title remains in the owner of the patent, and suit must be brought in his name, and never in the name of the licensee alone, unless that is necessary to prevent an absolute failure of justice, as when the patentee is the infringer and cannot sue himself." In this case, it is true that the Cleveland Company is called upon to attack the acts of its controlling owner, and, in a certain sense, to sue for its own infringement; yet the two corporations are separate legal entities; one can sue the other; and it is not necessary for the licensee to sue alone, in order to prevent an absolute failure of justice. When the owner is not the infringer, and therefore cannot be made a defendant, if the licensee is to have an opportunity to assert his alleged rights he is at a great disadvantage, unless he has the power of bringing a suit in equity in the name of the owner, though against his will. In my opinion, he has, *prima facie*, such an implied power. Whether a court of equity would permit a wanton or unjust or inequitable use of the name of the owner of the patent, by the licensee of the bare right to sell within a limited territory, is a question which does not apparently arise, and upon which I express no opinion. The motion is denied.