## BRUSH ELECTRIC CO. *et al. v.* ELECTRIC IMP. CO. OF SAN JOSE.

*(Circuit Court, N. D. California.* January 18, 1892.)

PATENTS FOR INVENTIONS—LICENSE—RIGHTS OF LICENSEE.
   A grant by the owner of a patent of an exclusive license to sell the patented article carries with it an implied authority to sue in the owner's name, even against his will, for the *bona fide* purpose of preventing infringement. *Brush-Swan Electric Light Co.* v. *Thomson-Houston Electric Co.*, 48 Fed. Rep. 224, followed.

In Equity. Suit by Brush Electric Company, the California Electric Light Company, and the San Jose Light & Power Company, and others, against the Electric Improvement Company of San Jose, for infringement of a patent. Heard on motion of the Brush Company to strike out its name as party plaintiff. Motion denied.

*Estee, Wilson & McCutchen* and *Langhorne & Miller,* for California Electric Light Company.

*Lloyd & Wood, Henry P. Bowie,* and *E. P. Cole,* for Brush Electric Company

*Louis T. Haggin,* for defendant.

HAWLEY, District Judge, (*orally.*) This case was presented to me on a motion of the Brush Electric Company to strike out its name as a party plaintiff, because the bill had been filed without its authority or consent. A large number of affidavits were submitted on the motion, and a very extensive argument was presented by both sides. It appears that the Brush Electric Company, the owner of certain patented improvements in electric arc lamps, has had considerable litigation in order to maintain its patent-rights in various states of the Union, and in a number of the states its patent has been sustained. After these proceedings in the courts, rival companies—the Thomson-Houston Electric Company—bought up a majority of the stock of the Brush Electric Company, and immediately stopped, or endeavored to stop, the litigation that was being conducted in different courts by parties who held the exclusive agency from the Brush Electric Company to sell its patented rights.

I shall not attempt to make a statement of all the facts in this case. They are very novel, and somewhat complicated in many respects. I have carefully read over all of the affidavits, and have examined all the authorities that were cited by the respective counsel. It has been a serious question with me whether or not, under the affidavits that are presented, they do not show full authority and consent on the part of the Brush Electric Company to the California Electric Light Company, who holds an exclusive agency for the sale of the patented improvements of the Brush Electric Company, to bring this suit. It had given consent to bring several suits, and from the correspondence, as I have said, it is a very close question whether they have not given authority to bring any suits. It is unnecessary, however, to decide that matter. It is sufficient to say that I have arrived at the conclusion that, whether the California Electric Light Company had express author-

ity to bring the suit or not, it certainly has, under the law, the implied authority and power to bring the suit in order to maintain and defend its rights. Since this motion was submitted, the same question has been decided in the circuit court of the district of Connecticut by Judge SHIPMAN, in a case almost identically the same as this, viz., *Brush-Swan Electric Light Co.* v. *Thomson-Houston Electric Co.*, 48 Fed. Rep. 224, wherein the Thomson-Houston Electric Company had bought up the control in the other corporation, and sought to prevent litigation of the same character instituted here by the California Electric Light Company against the Electric Improvement Company of San Jose. In a discussion of the legal questions involved, he says:

"If the interest of the owner, who has merely given his agent a license to sell within a specified territory, and who is still the owner of the substantial and important portion of the patent, can be, against his will, and without the service of process, subjected to litigation and judicial decree, there is danger that the power of the licensee will be wantonly exercised. On the other hand, it is reasonably certain that a licensee can, in an action at law, use the name of the owner of the patent, (*Wilson* v. *Chickering*, 14 Fed. Rep. 917; *Goodyear* v. *McBurney*, 3 Blatchf. 32; *Same* y. *Bishop*, 4 Blatchf. 438;) and it has also been declared with positiveness that a licensee of a patent cannot bring a suit in his own name, at law or in equity, for its infringement by a stranger, (*Birdsell* v. *Shaliol*, 112 U. S. 486, 5 Sup. Ct. Rep. 244.) In this case the Cleveland Company is really a co-defendant, in view of the Thomson-Houston Company's controlling ownership of the stock; but, being a resident of Ohio, it cannot be served with process as a co-defendant in this suit. Though it cannot be compelled to come into court as a defendant, 'a court of equity looks at substance, rather than form. When it has jurisdiction of the parties, it grants the appropriate relief, where they come as plaintiffs or defendants,' (*Littlefield* v. *Perry*, 21 Wall. 205,) and places them according to the real positions which they respectively occupy in the controversy. The necessity of making the owner of the patent a party in an action for infringement is authoritatively declared in *Waterman* v. *Makenzie*, 138 U. S. 252, 11 Sup. Ct. Rep. 334, as follows: 'In equity, as in law, when the transfer amounts to a license only, the title remains in the owner of the patent, and suit must be brought in his name, and never in the name of the licensee alone, unless that is necessary to prevent an absolute failure of justice, as when the patentee is the infringer, and cannot sue himself.' In this case, it is true that the Cleveland Company is called upon to attack the acts of its controlling owner, and, in a certain sense, to sue for its own infringement; yet the two corporations are separate, legal entities. One can sue the other, and it is not necessary for the licensee to sue alone, in order to prevent an absolute failure of justice. When the owner is not the infringer, and therefore cannot be made a defendant, if the licensee is to have an opportunity to assert his alleged rights, he is at a great disadvantage, unless he has the power of bringing a suit in equity in the name of the owner, though against his will. In my opinion, he has, *prima facie*, such an implied power. Whether a court of equity would permit a wanton or unjust or inequitable use of the name of the owner of the patent by the licensee of the bare right to sell within a limited territory is a question which does not affirmatively arise, and upon which I express no opinion."

There is no pretense in this case that the California Electric Light Company is making a wanton, unjust, or inequitable use of the name of the Brush Electric Company. On the other hand, it clearly and affirma-

tively appears that it is absolutely necessary that it should have the power to bring this suit, in order to defend its rights, and protect its own interest, under the contracts made with it by the Brush Electric Company. Any other rule would, it seems to me, amount to a complete and absolute denial of justice, and no court would be justified, upon the facts in this case, in granting the motion. I think the opinion, from which I have read, is logical, sound, and just, and ought to prevail. Upon the authority of that case, and the authorities therein cited, which are the same as were cited to me on the oral argument, the motion will be denied, and it is so ordered.