## EXCELSIOR WOODEN-PIPE CO. v. ALLEN et al.

### (Circuit Court of Appeals, Ninth Circuit. October 1, 1900.)

### No. 596.

PATENTS—SUIT BY LICENSEE FOR INFRINGEMENT—PARTIES.

The grant by a patentee of an exclusive license to sell the patented article in a specified territory carries with it the implied authority to join him, even against his will, as a party plaintiff in suits against infringers, and such right will not be defeated merely by a claim of the patentee that the license has been revoked for a violation of its conditions, nor by the fact that he has granted a second license to the defendant, and is, therefore, interested adversely to his co-plaintiff, where, by reason of his nonresidence, he cannot be served with process as a defendant; since he is an indispensable party, and the court has power to arrange the parties as their interests demand, and decree such relief as may be appropriate between all the parties.

Appeal from the Circuit Court of the United States for the Northern District of California.

The appeal in this case is taken from a final order and decree dismissing the suit as to one of the parties complainant. The Excelsior Wooden-Pipe Company, claiming to be the licensee of patent rights granted to it by Charles P. Allen, the inventor and patentee of an improvement relating to wooden pipes, joined the said Charles P. Allen as a co-complainant in a suit against the Pacific Construction Company, claiming that the latter had infringed the rights so conveyed to the licensee. The bill alleged that the said Charles P. Allen, by an instrument in writing of date December 20, 1892, granted unto the Excelsior Redwood Company, a corporation, its successors and assigns, the exclusive right, license, and privilege within Northern California and other states and territories of manufacturing and selling wooden pipe under and in accordance with the letters patent to the full end of the term thereof, and that thereafter the Excelsior Redwood Company, with the written consent of said patentee, transferred to the appellant the said exclusive license. Charles P. Allen moved to dismiss the suit as to him for the reason that it was brought by the Excelsior Wooden-Pipe Company, and that he was made a party complainant without his knowledge or consent, and that the license by virtue of which the Excelsior Wooden-Pipe Company manufactured and sold pipe under said patent had been revoked prior to the commencement of the suit. The motion was supported by the affidavit of said Allen, in which he admitted the execution of the license, but deposed that the license by its terms provided that upon the breach of certain conditions therein contained it should be at once revoked; and that the said Excelsior Wooden-Pipe Company, ever since the granting of the said license, had repeatedly and continuously violated the said conditions; and that the contract "is now, and has been for a long time, revoked, and null and void." There was filed, also, the affidavit of one of the officers of the Pacific Construction Company, the defendant in the suit, stating that the said defendant Allen had, about a year prior to the suit, granted to the defendant a license to manufacture wooden pipe, and had stated to it that the license granted to the complainant was null and void, and had ceased to exist. Affiant alleged that, in order to determine the validity of the license which was claimed by the complainant, it was necessary that the said Allen be made a

party defendant in said suit, and prayed that he be made such defendant. Opposing these affidavits was the affidavit of the manager of the Excelsior Wooden-Pipe Company denying that the said corporation had violated the conditions of the license which had been granted to it, and denying that the license was revoked. Upon these affidavits the court sustained the motion to dismiss as to the complainant Allen.

William F. Booth and N. A. Acker, for appellant.
Frank H. Gould, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The questions which are involved in this case were fully considered by this court in the case of Brush Electric Co. v. California Electric Light Co., 3 C. C. A. 368, 52 Fed. 945, in which it was held that the grant by the owner of a patent of an exclusive license to sell the patented article in a specified territory carries with it the implied authority to join the patentee, even against his will, as a party plaintiff in suits against infringers. It is unnecessary to reconsider the grounds upon which that conclusion was reached. It is contended that a different question is here presented from the fact that the patentee has denied the existence of the license to his co-complainant, and has granted a license to the defendant. It is said that thereby he has assumed a position which is antagonistic to that of his co-complainant, necessitating the dismissal of the bill as to him, and justifying his joinder as a defendant, if the complainant has a cause of suit for infringement. We find no material difference between the facts of the two cases. In the former case the Brush Electric Company sustained the same relation to the patent that Charles P. Allen does in the present case. The Electric Improvement Company in San José was sued for infringement by the California Electric Light Company, which claimed to have a license from the Brush Electric Company, the owner of the patent; and the latter corporation was joined as a party complainant. It moved that it be dismissed from the suit upon the ground that the suit was brought without its knowledge or consent, and against its will, and in violation of its right as owner of the patent, claiming that the license was forfeited by reason of the attempt of the licensee to subdivide the same. In that case, as in the case at bar, the licensor was a nonresident of the state in which the suit was begun, and for want of service could not have been made a party defendant. It is urged, however, that the facts shown in the defendant's affidavit on the motion to dismiss in the present case would have justified an allegation in the bill that Allen, the patentee, was a joint infringer with the defendant, provided the complainant's license still subsisted; and that under the authority of Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577, the patentee could have been joined in the suit only as a defendant. In the case referred to, the court remarked:

"Here, however, the patentee is the infringer, and, as he cannot sue himself, the licensee is powerless, so far as the courts of the United States are con-

cerned, unless he can sue in his own name. A court of equity looks to substance, rather than form. When it has jurisdiction of parties, it grants the appropriate relief, without regard to whether they come as plaintiff or defendant."

It may be conceded in the present case that upon the assumption that the statements contained in the defendant's affidavit are true the patentee might have been joined as a party defendant, but this does not meet the proposition that in the case as made upon the bill the patentee was a proper party complainant, and that upon the showing made on the motion and the affidavits the court should not have dismissed the suit as to him. It was admitted in the affidavits that the license which the complainant set forth in the bill had been executed. It was alleged, it is true, that the license was coupled with conditions, that the conditions had been violated, and the license revoked; but the nature of the conditions was not set forth, nor was it alleged in what way they had been violated, or how a forfeiture was incurred or revocation was made. It was not stated that a court had decreed a forfeiture. It was not even asserted that the complainant had been notified of such forfeiture or revocation. So far as the court was advised of the facts by the affidavits, revocation existed only in the mind of the patentee, and was but the assertion of his own construction of his rights in the premises. Shall a court of equity, upon such a showing, prejudge the rights of the complainant in a bill of equity, and dismiss his suit? To dismiss in this case as to the patentee is to dismiss from the suit an indispensable party. It results in the dismissal of the bill, since the patentee, a nonresident of the territorial jurisdiction of the court, cannot be served with process as a defendant. That the patentee is in such a suit an indispensable party is held in Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504, and Waterman v. Mackenzie, 138 U. S. 252, 11 Sup. Ct. 334, 34 L. Ed. 923. In the latter case the court said:

"In equity, as at law, when the transfer amounts to a license only, the title remains in the owner of the patent; and suit must be brought in his name, and never in the name of the licensee alone, unless that is necessary to prevent an absolute failure of justice,—as where the patentee is the infringer, and cannot sue himself."

We entertain no doubt that the court should have retained jurisdiction of the suit as it was presented. When he granted the license to the appellant, the patentee granted the implied authority to use his name as a complainant in any suit necessary to protect the rights of the licensee. It has not been shown that the license so granted is not now in full force and effect. The result arrived at by the court was not based upon a plea in abatement, and upon evidence taken to determine the question of the existence of a license, but was reached upon the ex parte statement of the patentee himself, alleging as a conclusion of law that the license for breach of its conditions had been revoked.

Nor is a court of equity devested of its power to decree appropriate and final relief from the fact, if it be a fact, that the patentee has conspired with the defendant to infringe the rights of the licensee. If his attitude towards his co-complainant is antagonistic, it does not

follow that he must be dismissed from the suit. The former practice of courts of chancery which required the dismissal of a bill in case of the joinder of complainants whose interests were antagonistic has given place to a more equitable procedure, which recognizes the power of the court to so arrange the parties to the suit as their interests demand, to make a complainant a defendant, and to decree relief to all parties before it, whether they appear as complainants or defendants, so long as they are all the necessary parties to the controversy. Boughton v. Allen, 11 Paige, 321; Osgood v. Franklin, 2 Johns. Ch. 1; Bowen v. Idley, 1 Edw. Ch. 148; Le Fort v. Delafield, 3 Edw. Ch. 32; Parkman's Adm'r v. Aicardi, 34 Ala. 393; Suydam v. Dequindre, Har. (Mich.) 347; U. S. v. Union Pac. R. Co., 98 U. S. 569, 25 L. Ed. 143. In the case last cited the court said:

"It is no objection to granting such relief that the company is a defendant, for by the flexibility of chancery practice a person whose interests in the subject of litigation are on the same side with the complainant may be made a defendant."

In 1 Daniell, Ch. Prac. (5th Ed.) 235, it is said:

"The consequences of a misjoinder of plaintiffs such as above considered are no longer the same as formerly, for then the bill would have been dismissed, whereas now the court is empowered to grant such relief as the circumstances of the case require, to direct such amendments as it shall see fit, and to treat any of the plaintiffs as defendants."

We think there can be no question that, if at any time during the progress of the cause it had appeared that the patentee sustained a relation to the controversy such as to require that he be treated as a defendant, the court had the power to deal with him as such, and to mold the final decree so as to determine the rights of all the parties to the controversy. The decree is reversed, and the cause remanded for further proceedings not inconsistent with the foregoing views.