**OVERMAN CUSHION TIRE CO., Inc., et al.
v. GOODYEAR TIRE & RUBBER
CO., Inc.
No. 432.**

Circuit Court of Appeals, Second Circuit.
June 20, 1932.

See also 48 F.(2d) 213.

Watson, Bristol, Johnson & Leavenworth, of New York City (David A. Woodcock and Lawrence Bristol, both of New York City, of counsel), for appellant.

Robert W. Byerly, of New York City, for plaintiff-appellee.

Morrison, Kennedy & Campbell, of New York City (F. O. Richey, B. D. Watts, and H. F. Schneider, all of Cleveland, Ohio, of counsel), for defendant-appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant's bill for intervention, seeking the right to participate in the damages or profits recoverable against the appellee Goodyear, an infringer of the Overman patent, No. 1,092,078, granted March 31, 1914, for a tire, was dismissed below. In a suit by Overman against Goodyear, the patent was held valid and infringed [Overman Cushion Tire Co. v. Goodyear Tire & Rubber Co. (C. C. A.) 40 F.(2d) 460] and an accounting was decreed. Appellant filed its bill, as a licensee under the patent, while the cause was before a master for the purpose of ascertaining the damages or profits to be paid for such infringement.

The appellant contends that its license agreement makes it a sole licensee. The theory of the bill is that the appellant, as well as the Overman Company, has been damaged by the infringement, and that it may recover damages therefor. Rev. St. § 4921 (35 USCA § 70).

The agreement does not give an exclusive license to the appellant, and it has no rights under the statute to a part of the recovery of damages or profits. In Western Electric Co. v. Pacent Reproducer Corp., 42 F.(2d) 116, 118, we distinguished a nonexclusive license from an exclusive license, and said:

"It is conceded that a bare license to practice a patented invention gives the licensee no right to join as plaintiff in a suit against an infringer." And "it is not disputed that an 'exclusive licensee' has the right of joinder with the patent owner in an infringement suit."

An exclusive license is the permission to do a thing, and a contract not to give leave to any one else to do the same thing. The promise of the grantor that he will not give further license is essential to the creation of an exclusive license. The court below held, in the instant case, that there was no agreement that no further license would be granted, and said:

"On the contrary, there was an express reservation of the right for a certain period to grant a license to one of several parties, including the infringer, and the further right thereafter not only to grant a license, subject only to certain rights of objection by petitioner, but also after such a license should have been granted, to grant further licenses on consent of a majority of the then licensees, which would be plaintiff and such additional licensee. In that event, petitioner's wishes could be disregarded."

The Goodyear Tire & Rubber Company, Inc., was mentioned in the license as one of several parties to whom further license could be granted. That company was known to be a subsidiary of the Goodyear Tire & Rubber Company, and the license to the parent manufacturing company would necessarily have licensed the sale of its tires through the appellee. The reserved right to grant further license made it possible to name as licensee the parent company of the present infringer. The right to object to unnamed licensees merely prevented the grant of a license to an irresponsible company.

The claim is made that the Overman Company did not choose to exercise its right to grant further license and therefore the appellant became an exclusive licensee. A sole licensee is not necessarily an exclusive licensee. The patent laws provide for granting one entire monopoly only as the statute reads, in three ways. Waterman v. Mackenzie, 138 U. S. 252, 11 S. Ct. 334, 335, 34 L. Ed. 923; Bliss Co. v. United States, 253 U. S. 187, 40 S. Ct. 455, 64 L. Ed. 852; United States v. Gen. Electric Co., 272 U. S. 476, 47 S. Ct. 192, 71 L. Ed. 362. In the Waterman Case, supra, it was said:

"The patentee or his assigns may, by instrument in writing, assign, grant, and convey, either (1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States. Rev. St. § 4898 [35 USCA § 47]. A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in

the assignee a title in so much of the patent itself, with a right to sue infringers. In the second case, jointly with the assignor. In the first and third cases, in the name of the assignee alone. Any assignment or transfer, short of one of these, is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement."

In Curtiss Aeroplane & Motor Corp. v. United Aircraft Engineering Corp., 266 F. 71, 76, we said:

"It is important to determine what right or rights passed to the British government under the agreements which it entered into with the plaintiff. As we have seen, the owner of a patent has three distinct rights, which he can dispose of either together or singly: (1) The right to make the article. (2) The right to use it. (3) The right to sell it. * * * A grant which does not transfer all these rights is a license. So, also, is the right to make, use, and sell the article for specified purpose only."

Damages for infringement of any patent may be recovered by action on the case, in the name of the party interested, either as patentee, assignee, or grantee. Rev. St. § 4919 (35 USCA § 67). An exclusive right to make and sell, but not to use, is a license only. Hayward v. Andrews, 106 U. S. 672, 1 S. Ct. 544, 27 L. Ed. 271; United States v. Gen. Electric Co., 272 U. S. 476, 47 S. Ct. 192, 71 L. Ed. 362. Exclusive right to make and use, but not to sell, confers merely a license (Mitchell v. Hawley, 16 Wall. [83 U. S.] 544, 21 L. Ed. 322; United States v. Gen. Electric Co., supra; Rice v. Boss [C. C.] 46 F. 195), as does the exclusive right to use and sell, but not to make (Russell v. Boston Card Index Co., 276 F. 4 [C. C. A. 3]). The exclusive conveyance of some, but not all, of the claims of a patent, constitutes simply a license. Pope Mfg. Co. v. Gormully & Jeffrey Mfg. Co., 144 U. S. 248, 12 S. Ct. 641, 36 L. Ed. 423.

■■■ Any attempted division of one of the three statutory provisions is a nonexclusive license, and the licensee has no title in the patent and no right to sue in his own name for infringement. Rockwood v. Gen. Fire Extinguisher Co., 37 F.(2d) 62 (C. C. A. 2). But where the owner of a patent retains a right coextensive with that of the licensee, the latter is only a nonexclusive licensee, and has no title or right enabling him to sue or be joined in a suit for infringement. Western Elec. Co. v. Pacent, supra; Shepherd v. Deitsch (C. C.) 138 F. 83. In order that a licensee have a right to intervene, it must appear that the defendant has directly invaded that part of the patent right under which the licensee claims. Caldwell v. Guardian, 26 F.(2d) 218 (C. C. A. 8).

The license agreement in the instant case provided that the owner of the patent might grant one additional license, "And after the right to grant a license as hereinabove provided has been exercised so that such licensees consist of the Overman Cushion Tire Co. Inc., the Kelly-Springfield Company and one other licensee, no further or other co-existent license shall be granted, to make, use or vend the Pressed-On type vulcanized to a metal base tires which are the subject of said principal agreement without the assent in writing of a majority of the then licensees and any such license so granted by first party as to terms and conditions shall be subject to the provision of paragraph 22 of the principal license-agreement. * * *"

This agreement shows plainly that it was not the intention of the parties to grant to the appellant an exclusive license. Nowhere in the agreement was a provision made for the appellant to share in the profits or damages, if any were obtained from an infringer. This court held in Western Electric Co. v. Pacent, supra, that a nonexclusive licensee has merely the right of being protected from actions for infringement by the patentee; that he has no further right against other persons and cannot sue for infringement unless he is entitled, by virtue of his contract with the patentee, to exclusive rights. We said:

"Infringement of the patent can no more be a legal injury to a bare licensee than a trespass upon Blackacre could be an injury to one having a nonexclusive right of way across Blackacre. Therefore it is obvious that a bare licensee can neither sue alone, nor join with the patent owner, in an infringement suit."

In Independent Wireless Tel. Co. v. Radio Corp., 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357, the question was presented whether an exclusive licensee had a right to bring in as a coplaintiff a recalcitrant patentee who refused to appear voluntarily. It was held that he could. But this decision is not authority for the claim that any licensee is entitled to share in the profits or damages when awarded for infringement.

Decree affirmed.

SWAN, Circuit Judge, concurs in result.