## PAUL E. HAWKINSON CO. et al. v. CARNELL et al.

### No. 10127.

District Court, E. D. Pennsylvania.

Sept. 18, 1939.

William Carson Bodine, of Philadelphia, Pa., for plaintiff Tiresoles, Inc.

Samuel E. Kratzok, of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

This is a patent infringement suit, but neither the validity of the patents involved nor the fact that the defendants are using the method and apparatus covered by them are in dispute. The only defense going to the merits is that the defendants' use is authorized by a license agreement of which they are assignees. The plaintiff replies to this, first, that the license agreement under which the defendants claim was not assignable without the consent of the patentee, which consent was not obtained; and second, that, when the license agreement was executed, the owner had already parted with the exclusive license rights in the territory involved and did not retain sufficient rights to grant thereafter an assignable license. In view, however, of the Court's affirmance of the defendants' first request for finding of fact to the effect that the license in question was merely the reduction to writing of an earlier oral agreement, antedating the other alleged exclusive license, this last point drops out of the case.

Whether or not the license under which the defendants claim was reassignable by the original licensee (or its successor) without the consent of the owner of the patent depends entirely upon the construction of paragraph 17 of the written agreement. The first sentence of that paragraph gives the licensee a general right to reassign. The second sentence of the paragraph is as follows: "If assignment is to be made, as above provided, from the Licensee to the General Tire and Rubber Company, and if the General Tire and Rubber Company then make assignment to a party or concern, first in writing accepted by the Licensor, to-wit; the Paul E. Hawkinson Company, then the said party accepted by said Hawkinson Company as a satisfactory Licensee shall become responsible for and subject to the terms and conditions of this contract and the General Tire and Rubber Company shall then be relieved from personal obligations under the provisions of this contract." The plaintiff contends that this means that the General Tire and Rubber Company has no power or right to assign without the consent in writing of the Hawkinson Company. It may be remarked in passing that if the parties really intended this they adopted a remarkably awkward and obscure way of saying it.

From the use of the conditional "if" it seems quite plain that the parties had in mind that the General Tire and Rubber Company might assign without the consent of Hawkinson (in which case, of course, the Company would not be relieved of any of its obligations under the license), and wished to provide a special result for an assignment with Hawkinson's consent in writing, if that could be obtained. In that event the assignment was to operate as a novation. Even this intent might have been more precisely and clearly expressed. It has little more practical effect than to save the trouble of drawing up a separate agreement relieving the General Tire and Rubber Company of its obligation in case the Hawkinson Company was entirely satisfied to accept their assignee in their place, by providing that that result would be accomplished by a simple consent to the assignment, and that would operate as a novation.

As I have said, the facts are not in dispute. I affirm all the plaintiff's requests for findings of fact, and, in addition, the defendants' requests Nos. 1, 4, 5, 6, and 7. The other requests of the defendants are duplications of the plaintiff's.

I affirm the plaintiff's requests for conclusions of law Nos. 1, 2, 3, and 4, and deny all the others. I affirm the defendant's requests for conclusions of law Nos. 1, 2, 3, 5, 10, 13, 14, and 15, and deny all the other requests for conclusions of law.

The bill may be dismissed.