INNIS, SPEIDEN & CO. et al. (BROGDEX CO. OF CALIFORNIA, LIMITED, Intervener), v. FOOD MACHINERY CORPORATION.

No. 1268.

District Court, D. Delaware.

March 11, 1942.

Herbert L. Cohen and Josiah Marvel, Jr., both of Wilmington, Del., for plaintiffs.

E. Ennalls Berl, of Wilmington, Del., for defendant.

BIGGS, Circuit Judge.

Innis, Speiden & Company acquired the entire right, title and interest in United States Patent No. 1,943,468 for certain improvements in "Wax Emulsion Coating, and Coating Process". By an agreement dated April 2, 1937 Innis, Speiden granted Franklin Research Company "an exclusive license" under the patent to manufacture wax emulsions and sell them at any place in the United States during the life of the contract. The agreement also provided specifically that Franklin Research could sub-license others to manufacture and sell the wax emulsions of the patent. On January 3, 1938 Franklin Research in turn granted to Brogdex Company, a Florida corporation, "the exclusive right and license" in at least four states of the United States including Florida[1] " * * * to supply, distribute and sell * * * " the wax emulsions of the patent. The contract provides that Franklin Research, so far as the rights granted by Franklin Research to Brogdex are concerned, will prosecute diligently at its own expense all infringers of the patent. Brogdex of Florida assigned all of its rights under this contract to the applicant for intervention, Brogdex Company of California, Ltd., and that company in turn assumed all the liabilities of its predecessor under the contract referred to. It now moves to intervene as a party plaintiff in the instant proceedings.

On May 19, 1938 Innis, Speiden and Franklin Research filed a complaint against Food Machinery Corporation alleging the infringement by it of the process and product covered by the patent. The plaintiffs prayed for an injunction and for an accounting of profits and of damages. It appears from the bill of particulars that at least some of the alleged acts of infringement occurred in Florida, though before the execution of the contract of January 3, 1938 by Franklin Research and Brogdex of Florida.

The application for intervention is opposed by the plaintiffs and by the defendant. The proposed complaint of the applicant for intervention states if Brogdex is allowed to intervene it will adopt the complaint and supplemental complaint of the plaintiffs. Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for two kinds of intervention; (a), "Intervention of Right" and (b), "Permissive Intervention". The applicant contends that it is entitled to have its motion granted as a matter of right under the provisions of Rule 24(a) (2) to the effect that, "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action"; intervention shall be permitted. The applicant further contends that if it is not entitled to intervention of right it should be allowed to intervene permissively under the provisions of Rule 24(b) (2) which states that intervention may be permitted "when an applicant's claim or defense and the main action have a question of law or fact in common".

It is fundamental that the owner of a patent has the exclusive right to make, use and vend the product or process covered by the patent. He may assign or grant it as provided by R.S. § 4898 as amended, 35 U.S.C.A. § 47. He may convey (1) the whole patent comprising the exclusive right to make, use and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States. These grants or assignments are statutory and anything less is a common-law license. Waterman v. Mackenzie, 138 U.S. 252, 255, 11 S.Ct. 334, 34 L.Ed. 923; United States

[1] This statement is an over-simplification of the terms of the sub-license given by Franklin Research to Brogdex of Florida, but is sufficiently accurate for the purposes of this opinion.

v. General Electric Co., 272 U.S. 476, 489, 490, 47 S.Ct. 192, 71 L.Ed. 362.

■ As to licenses, a bare license may be defined as nothing more than a grant of authority to make, use or vend the patented product throughout the United States or in a given part of it with no right of exclusion whatsoever. Such a license is very like the grant of a simple easement across Blackacre. The possessor of the easement has the privilege to cross the land but has no right to prevent anyone else from doing so. The owner of the land is not compelled to take any step to protect his grantee's right to cross Blackacre.

■ The three distinct rights which constitute the whole of the ownership of a patent, the right to make the article, the right to use it and the right to sell it, may be and frequently are disposed of separately. See Independent Wireless Tel. Co. v. Radio Corp., 269 U.S. 459, 471, 46 S.Ct. 166, 70 L.Ed. 357; Hayward v. Andrews, 106 U.S. 672, 1 S.Ct. 544, 27 L.Ed. 271; Mitchell v. Hawley, 16 Wall. 544, 21 L.Ed. 322, and Russell v. Boston Card Index Co., 3 Cir., 276 F. 4. If the whole interest is disposed of piecemeal as indicated, the respective grants are licenses. If no right of exclusion is given to the grantee in the particular field granted to him, the license is a bare license. If the right to manufacture, the right to use or the right to sell excludes others, the license gives an exclusive right. A license which gives an exclusive right is not necessarily an exclusive license. The assignment or grant of less than is provided for by R.S. § 4898 gives the assignee or grantee no right to maintain suit for infringement in his own name. If the license is a bare license, the possessor of it "has no such interest as to make him either a necessary or proper party to a bill filed to restrain the infringement of a patent right". See Blair v. Lippincott Glass Co., C.C., 52 F. 226, 228. I think that the case cited stands for nothing more than this for Judge Baker stated in his opinion that it was not shown by the bill that the licensee had acquired "either by assignment or license, any exclusive right to practice the invention in the manufacture of lead glass chimneys." Walker on Patents, Deller's Ed., Vol. 3, p. 1640, citing Blair v. Lippincott Glass Co. as a leading case, sets forth a somewhat different conclusion, saying, "But the holder of a license less than exclusive must not join in a suit in equity for an infringe-

ment of the patent under which he is licensed."

If the term "an exclusive license" be defined as the right to make, use and sell the patented article with a right to exclude others from doing so, I cannot agree with the statement from Walker on Patents which I have just quoted. In justice to that authority, however, the textbook does not itself attempt to define "an exclusive license", but collects the authorities upon the subject, citing, inter alia, the definition of Western Electric Co. v. Pacent Reproducer Corp., 2 Cir., 42 F.2d 116, 118, 119. In the Pacent Reproducer Corporation case Judge Swan states that "* * * the distinguishing characteristic of an exclusive license is a promise, express or implied, by the licensor, that he will not thereafter license others." The same court, however, in Deitel v. Chisholm, 2 Cir., 42 F.2d 172, 173, defines an exclusive license as the right to make, use and sell the patented article with the right to exclude all others from doing so. Compare Robinson on Patents, Vol. II, Section 814.

■ An exclusive license, if defined as in Deitel v. Chisholm, is a right less in effect than an assignment within the purview of R.S. § 4898 for the owner of the patent retains the naked legal title to it. It is clear that an exclusive licensee, even defining the term "exclusive license" as above, may not maintain a suit for infringement in his own name but must join the owner of the patent a party in the suit. But may the holder of a license, which is not an exclusive license as defined and which therefore does not embrace the whole monopoly including the right to exclude others from the manufacture and use and sale of the patented article, join in a suit in equity brought by the owner of the patent for an infringement of the patent under which he is licensed? The answer to this question is most helpful in determining the application for intervention at bar.

There are cases which hold that a licensee, whose license is less than exclusive as defined in Deitel v. Chisholm, may not join in a suit in equity for an infringement of the patent under which he is licensed. See Overman Cushion Tire Co. v. Goodyear Tire & Rubber Co., 2 Cir., 59 F.2d 998, 1000, and Rockwood v. General Fire Extinguisher Co., 2 Cir., 37 F. 2d 62, 66. But the weight of authority

264

does permit the joinder of a holder of a patent in a suit by the licensee to restrain infringement, though the rights given to the licensee were less than the complete bundle of rights included within the patent monopoly. The licensee, if he is to be permitted to maintain an infringement suit by joining the owner of the patent as a party plaintiff, must have the right to exclude others from trespassing upon his field.[2] See and compare Independent Wireless Tel. Co. v. Radio Corp., supra, 269 U.S. pages 470, 471, 46 S.Ct. 166, 70 L.Ed. 357;[3] the decision of the Circuit Court of Appeals for this circuit in the case of Paul E. Hawkinson Co. v. Carnell, 112 F.2d 396, affirming, D.C., 30 F.Supp. 178 and Brush-Swan Electric Light Co. v. Thomson-Houston Electric Co., C.C., 48 F. 224, followed in Brush-Electric Co. v. California Electric Light Co., 9 Cir., 52 F. 945, 959–962, affirming Brush-Electric Co. v. Electric Imp. Co., C.C., 49 F. 73. See also Excelsior Wooden Pipe Co. v. Allen, et al., 104 F. 553; Excelsior Wooden Pipe Co. v. City of Seattle, 9 Cir., 117 F. 140 and Radio Corp. of America v. Emerson, 2 Cir., 296 F. 51, 54, 55.

As to the case at bar, Brogdex of Florida acquired the exclusive right to sell wax emulsions in Florida when it exercised the option given it by the contract of January 3, 1938. Franklin Research cannot license another to sell or distribute the patented product in the State of Florida. It follows that the license that Brogdex got was not a bare license. To paraphrase Judge Swan's classic Blackacre example in Western Electric Co. v. Pacent Reproducer Corporation, supra, 42 F.2d page 118, because the applicant has the exclusive right to walk into Florida and sell the patented product, it will suffer legal injury as well as pecuniary damage if another is permitted to enter that state and sell the product. If the applicant has a claim and

---

[2] The authorities lay some emphasis upon the fact that frequently the owner of the patent is outside the jurisdiction and allege the necessity of joining the owner of the patent as a plaintiff because the owner cannot be joined as a defendant. This reasoning, however, does not afford a logical basis for the decisions. I think that the reason that the licensee, who is not licensed in the entire monopoly, but possesses only a license with the right to exclude others from some part of the monopoly, may make the owner of a patent a party in his suit against the infringer, is because otherwise the licensee could not avail himself of injunctive process against the infringer. The licensee would be in the position of one who has an exclusive easement across Blackacre but could not enjoin trespassers who persisted in impairing his easement.

[3] There follows a very brief analysis of the extent of each of the licenses in the cases referred to by Mr. Chief Justice Taft on pages 470, 471 of 269 U.S., 46 S.Ct. 166, 70 L.Ed. 357, Independent Wireless Tel. Co. v. Radio Corp.

Brush-Swan Electric Light Co. v. Thomson-Houston Electric Co., C.C., 48 F. 224, at page 225: An exclusive agency and license for sale within a specified territory.

Brush Electric Co. v. California Electric Co., 9 Cir., 52 F. 945, at page 957: An exclusive license to use and sell, but not to manufacture in California and other states.

Excelsior Wooden-Pipe Co. v. Allen, 9 Cir., 104 F. 553: The exclusive right, license and privilege within Northern California of manufacturing and selling.

Excelsior Wooden Pipe Co. v. The City of Seattle, 9 Cir., 117 F. 140: The exclusive right to manufacture and sell within certain described territory. No recovery was allowed because the City of Seattle was engaged solely in using the wooden pipes.

Hurd v. James Goold Co., D.C., 197 F. 756, at page 758: The right to make and sell "in his [the licensee's] territory". Affirmed per cur. 2 Cir., 203 F. 998.

Radio Corp. v. Emerson, 2 Cir., 296 F. 51, 55: "An exclusive license to use and sell."

Libbey Glass Co. v. McKee Glass Co., D.C., 216 F. 172, at page 175: " * * * certain manufacturing and selling rights * * * which rights were exclusive of all persons, except [the licensor] * * *."

At page 178 of 216 F. the court said: "Even if the Libbey Glass Company be only a licensee, having exclusive rights less than the entire grant of the patent, it is entitled to enjoin trespass upon those rights in this action in which the owner of the entire legal title is joined as a defendant." Decision affirmed per cur. by the Circuit Court of Appeals of this circuit, 220 F. 672.

Chisholm v. Johnson, C.C.Delaware, 106 F. 191, 212: Ruling as to parties put on alternate ground of exclusive licensee or as partners. License not discussed.

Owatonna Mfg. Co. v. F. B. Fargo & Co., C.C., 94 F. 519, 520: "The exclusive right to manufacture and sell throughout the United States."

the allegations of the complaint be true, it is obvious that the defendant has directly invaded the precise portion of the patent right under which the licensee claims. See Mitchell v. Hawley, supra, and Overman Cushion Tire Co. v. Goodyear Tire & Rubber Co., supra, 59 F.2d page 1000. Moreover Franklin Research Company is a citizen and an inhabitant of the State of Pennsylvania and not of Delaware. Under old Equity Rule 37, 28 U.S.C.A. § 723 Appendix, therefore, Brogdex might have been permitted to intervene.

Rule 24 applies a somewhat different test than did Equity Rule 37, 28 U.S.C.A. § 723 Appendix. To maintain intervention of right under Rule 24 it must be found that the applicant is or may be bound by a judgment in the action. If the patent in issue is adjudged to be invalid in the suit at bar, the applicant may be bound by that judgment for if thereafter it were to sue the defendant in the names of the plaintiffs the apparent privity of interest between the plaintiffs and the applicant's predecessor might permit the plea of res adjudicata to be maintained by the defendant in bar of the action. For an analogy see National Hairdressers' & C. Ass'n v. Philad Co., D.C., 41 F.Supp. 701, 709.

I conclude also that the interest of Brogdex of California may be represented inadequately by the plaintiffs. This is demonstrated by the fact that all of the sales of emulsions occurring in Florida upon which the plaintiffs will rely to prove infringement, as disclosed by their bill of particulars, are asserted to have taken place prior to the exercise by Brogdex of Florida of the option contained in the contract of January 3, 1938 and hence prior to the time when either Brogdex company acquired rights in Florida. I conclude therefore that the applicant may intervene as of right in the case at bar.

■ But assuming that Brogdex of California may not intervene as of right I cannot avoid the conclusion that it should be permitted to intervene pursuant to the provisions of subsection (b) (2) of Rule 24. Assuming that the applicant has a valid claim against the defendant, it is apparent that most of the questions of fact and law presented by the plaintiffs' and applicant's claims will have questions of fact and law in common. Rule 24(b) was intended to permit intervention when the parties had a question of law or fact in common and where the intervention will not unduly delay or prejudice the rights of the original parties. See Western States Machine Co. v. S. S. Hepworth Co., D. C., 2 F.R.D. 145.

I must state that I do not attach much importance (at least upon the record at this stage of the case) to the contention that Brogdex of Florida did not possess power to turn over to the applicant its interest in the agreement of January 3, 1938. Article 20 of that contract provided that Brogdex of Florida might assign its interest in the contract to a bona fide successor to its entire business. From the affidavits of David R. Faries it appears that Brogdex of Florida did in effect turn over its entire business to the applicant.

■ I cannot conclude upon consideration of all the circumstances that the application for intervention is not timely. While the case is nearly four years old it was not set for trial until the day upon which the application for intervention was made.

Brogdex of California will be permitted to intervene.