## HOLIDAY and others *v.* MATTHESON and others.

(*Circuit Court, S. D. New York.* 1885.)

PATENTS FOR INVENTIONS—UNCONDITIONAL SALE OF PATENTED ARTICLE IN FOR-
EIGN COUNTRY—RIGHT OF PURCHASER FROM VENDEE TO USE OR SELL IN
UNITED STATES.

The owner of a patent in the United States for an invention, who has sold
the patented article in England without restriction or conditions, cannot treat
as an infringer one who has purchased the article in England of the vendee of
the patentee, and restrain him from using or selling the article in the United
States.

WALLACE, J.  This motion for a preliminary injunction raises the
question whether the owner of a patent in the United States for an
invention, who has sold the patented article in England without re-
striction or conditions, can treat as an infringer one who has pur-
chased the article in England of a vendee of the patentee, and can
restrain him from using or selling the article here.  This question has
been decided adversely to the complainant in this court upon a mo-
tion to punish the defendants for contempt in violating an injunction
obtained in a former suit between the parties; and it was held by
Judge WHEELER in substance that the sale carried all the rights to the
article which the complainants, the vendors, had, including the right
to use it or sell it whenever the complainants could do so.  *Holiday
v. Mattheson,* Op. MS.  That decision is controlling upon this motion,
but it is proper to add that the reasons upon which it proceeds are
satisfactory, and would prevail if the question were an original one
between these parties and in this court.

When the owner sells an article without any reservation respecting
its use, or the title which is to pass, the purchaser acquires the whole
right of the vendor in the thing sold: the right to use it, to repair it,
and to sell it to others; and second purchasers acquire the rights of
the seller, and may do with the article whatever the first purchaser
could have lawfully done if he had not parted with it.  The presump-
tion arising from such a sale is that the vendor intends to part with
all his rights in the thing sold, and that the purchaser is to acquire
an unqualified property in it; and it would be inconsistent with the
presumed understanding of the parties to permit the vendor to retain
the power of restricting the purchaser to using the thing bought in a
particular way, or in a particular place, for a limited period of time,
or from selling his rights to others.  It is quite immaterial whether
the thing sold is a patented article or not; or whether the vendor is
the owner of a patent which gives him a monopoly of its use and sale.
If these circumstances happen to concur the legal effect of the trans-
action is not changed, unless by the conditions of the bargain the
monopoly right is impressed upon the thing purchased; and if the
vendor sells without reservation or restriction, he parts with his mo-
nopoly so far as it can in any way qualify the rights of the purchaser.

The purchaser does not acquire any right in the monopoly, but he does acquire the right of unrestricted ownership in the article he buys as against the vendor, including, as an inseparable incident, the right to use and enjoy it, and to transfer his title to others. *Bloomer* v. *McQuewan*, 14 How. 549; *Goodyear* v. *Beverly Rubber Co.* 1 Cliff. 348; *Washing-machine Co.* v. *Earle*, 3 Wall., Jr. 320; *Bloomer* v. *Millinger*, 1 Wall. 340, 351; *Mitchell* v. *Hawley*, 16 Wall. 544, 548; *Paper Bag Cases*, 105 U. S. 770; *Day* v. *Union Rubber Co.* 3 Blatchf. 494; *McKay* v. *Wooster*, 2 Sawy. 373; *Wilder* v. *Kent*, 15 FED. REP. 217.

The cases like *Hatch* v. *Adams*, 22 FED. REP. 434, and *Societe, etc.*, v. *Tilghman's Pat. Sand Blast Co.* 25 L. J. Ch. 1, relied on by the complainants, have no application to a case like this. When the owner of a patent sells the patented article under circumstances which imply that the purchaser is not to acquire an unqualified property in the thing purchased, as where a license accompanies the transfer, the purchaser's rights are limited to the extent of the monopoly granted to him. Those cases involved the extent of the monopoly acquired in a patented article under a license or territorial right from the owner of the patent, the article having been originally sold under the license.

The motion is denied.