### GEORGE FROST CO. et al. v. KORA CO. et al.

(Circuit Court, S. D. New York. December 21, 1904.)

1. INFRINGEMENT OF PATENT—USE OF ARTICLE BY PURCHASER.

It is not an infringement of a patent for clasps for one, purchasing in open market clasps sold without restriction as to use, to detach them from a cord to which they were attached, and attach them to supporters, to manufacture which both parties were licensed.

**2. SAME—AFFIRMATIVE RELIEF TO DEFENDANT.**

Defendant in an infringement suit cannot have affirmative relief therein for unfair competition, a separate and distinct cause of action.

**3. UNFAIR COMPETITION—INJUNCTION.**

The writing of a single letter by one manufacturer to a customer of another manufacturer, stating that the latter manufacturer is infringing a patent, and that any one purchasing from him would be held as an infringer, is not sufficient proof of unfair competition to warrant a preliminary injunction.

[Ed. Note.—Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper, 30 C. C. A. 376.]

In Equity. Motion by complainants for a preliminary injunction. Motion by defendant the Kora Company for an injunction restraining complainants from interfering with its customers. Motion by defendants for a commission to take the testimony of witnesses in England.

W. K. Richardson, for complainants.
Harold Binney, for defendants.

COXE, Circuit Judge. The clasps used by the defendants were made by the complainant company under the Gorton patent and were purchased by defendants in the open market, there being no reservation respecting their use for other purposes and on other garments and supporters than those made by the complainant company. What the defendants do is to detach the clasps from the complainants' supporters and attach them to supporters made by defendants, both parties being licensed under the Young patent for hose supporters.

This action by defendants may, perhaps, constitute unfair competition in trade, but it certainly is not an infringement of complainants' patent. The sale of the patented article by the owners of the patent without condition or notice of restriction of use carries with it dominion over the article so sold. The fact that it is attached by the patentee to a cord or webbing does not make the cord or webbing a part of the patented structure so far as to preclude a purchaser from using it in another combination if he sees fit to do so. Morgan En. Co. v. Albany Paper Co., 152 U. S. 425, 432, 14 Sup. Ct. 627, 38 L. Ed. 500; Mitchell v. Hawley, 16 Wall. 544, 21 L. Ed. 322; Holiday v. Mattheson (C. C.) 24 Fed. 185; Walker on Patents, § 301.

Regarding the quia timet branch of the controversy the allegations that the defendants intend to manufacture the Gorton device is contradicted by a flat denial on the part of the officers of the defendant companies. There seems to be nothing in the papers to show that anything has been done by the defendants to carry the threat, if one was made, into execution. Upon the argument the intention to do so was disclaimed and it is most unlikely, after what there took place, that any attempt at manufacturing will be made in the future. If, however, it should appear hereafter that the defendants have done any act in furtherance of the alleged threat, this motion may be renewed.

But little need be said regarding the defendants' motion for an injunction. The complainants wrote to one of defendants' customers, a merchant of New York City, stating in substance that the defendants were infringing the Gorton patent and that any one purchasing clasps

from them would be held as an infringer. Thereupon the defendants without commencing a new action, proceeded to procure a temporary restraining order, in the first infringement suit against the Kora Company, and now move that the complainants be enjoined from sending other letters of this character to the trade. There are two very cogent reasons why this motion cannot prevail, first, the defendant in an infringement suit cannot convert the action into one for affirmative relief upon an entirely separate and distinct cause of action, and, second, even if the proper action were commenced, the proof of unfair competition is wholly inadequate to warrant granting the relief asked for.

I have been referred to no case, and know of none, where a single letter of this kind has been held sufficient to warrant the issuing of a preliminary injunction.

The motion for a commission to take the testimony of witnesses in England is granted. Both the other motions are denied and the temporary restraining order obtained by the defendants is vacated.