NATIONAL CASH REGISTER CO. v. GROBET et al.

(Circuit Court of Appeals, Second Circuit. April 30, 1907.)

No. 269.

PATENTS—INFRINGEMENT—COMBINATION OF PARTS OF DIFFERENT MACHINES.

Complainant manufactured and sold without restriction two styles of patented cash registers and indicators, numbered, respectively, 78 and 79. The two were alike, except that No. 79 contained an additional printing device, which, in combination with the other parts, was covered by a separate patent. Defendants, becoming the lawful owners of a No. 79 machine, removed the printing device therefrom and supplied and attached it to a No. 78 machine of another owner, charging and receiving payment therefor, and making, in effect, a No. 79 machine. *Held*, that such action was an infringement of the right to manufacture the patented combination, with which complainant had not parted by the sale of the No. 78 machine.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here by appeal from a decree of the United States Circuit Court for the Southern District of New York, dismissing the bill alleging infringement of complainant's patent No. 483,511, granted September 27, 1892, to Hugo Cook, for improvements in cash registers and indicators. The opinion of the court below is reported in 148 Fed. 385.

J. B. Hayward and Drury W. Cooper, for appellant.

Samuel Owen Edmonds, for appellees.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. The questions at issue herein are raised by a stipulation, which, inter alia, sets forth the following facts:

"That continuously since the issuance of the patent in suit * * * complainant has manufactured and sold outright and unconditionally two styles of machines to which it has applied the trade designations 'No. 78' and 'No. 79.' No. 78 prints and ejects from the machine individual checks containing data of each registration as made. * * * No. 79 contains, in addition to what is contained in the No. 78 machine, mechanism for printing at each operation, upon a record contained permanently within the machine, the data of each registration; such permanent record being known as a 'detail strip,' and said mechanism being termed herein, for the purpose of the stipulation, the 'detail strip printing mechanism.' The No. 79 machines are those alleged in the bill to contain the invention of the patent in suit, and particularly the improvements set forth in claims 1, 3, 4, 12, and 17, upon which alone complainant relies.

"That during the year 1898 the complainant or its predecessor made and sold outright and unconditionally a cash register of the No. 78 type; * * * that said machine ultimately came lawfully into the possession of one Gustav Kessler as a vendee, direct or indirect, of the complainant, who, on or about the 1st day of May, 1906, procured the defendants in this action to add the parts to said machine (i. e., a detail strip printing mechanism) that would enable it to print also upon the permanent record or 'detail strip'; and that said defendants did, in fact, add to said No. 78 machine the said parts; * * * that said defendants charged the sum of $50 and were paid that sum by said Kessler for so doing, and the cash register made a part of this statement, and marked 'Exhibit B,' is the cash register so altered by the defendants for Kessler; that the defendants have, under like circumstances and in like manner, added detail strip printing mechanism to other No. 78 machines for their uses, and have also bought No. 78 machines, and after adding such detail strip printing mechanism have sold them as No. 79 cash registers.

"That the defendants, in doing the work hereinabove referred to, have used only parts or mechanism taken from No. 79 machines originally made and sold, outright and unconditionally, by the complainant. or its predecessors. during its or their ownership of the patent in suit, which machines were put in use by the several vendees thereof and have come into defendants' hands by purchase or exchange."

The complainant herein does not claim contributory infringement, and the defendants do not claim that the acts done were in the nature of repair. Defendants claim that, as they "used only parts or mechanism taken from No. 79 machines originally made and sold, outright and unconditionally," they have merely added such portion of the complete manufacture to another machine.

Complainant's petition appears from the following statement taken from its brief:

"The complainant asks no extended monopoly by reason of any notice of license restrictions imposed upon the sale of the patented article. All that it asks is the full measure of the monopoly granted by the patent, such that in merely parting with the right to use the patented machine there shall be no encroachment upon the monopoly of manufacture; and no invasion of the complainant's exclusive right to make or unite the combinations of the patent in suit."

The forcible argument of counsel for defendants and the opinion of the court below are based upon a consideration of the rights acquired by the defendants in the No. 79 machines unconditionally purchased by them. In the disposition of the case we do not find it necessary to pass upon the questions thus presented, except in so far as

they relate to the No. 78 machine and the rights and limitations attached thereto.

It may be assumed that the unrestricted sale of a No. 78 machine "carried with it dominion over the article so sold," and conferred upon the purchaser and his vendees the right to "hold and deal with it the same as in case of any other description of property to him." Wilson v. Rousseau, 4 How. (U. S.) 646, 11 L. Ed. 1141; George Frost Co. v. Kora Co. (C. C.) 136 Fed. 467, affirmed 140 Fed. 987, 71 C. C. A. 19; Morgan Envelope Co. v. Albany Perforated Wrapping Paper Co. (C. C.) 40 Fed. 577, affirmed 152 U. S. 425, 14 Sup. Ct. 627, 38 L. Ed. 500; Holiday v. Mattheson (C. C.) 24 Fed. 185. But the purchaser of the No. 78 machine acquired no right to infringe the patentee's right to manufacture said combination known as No. 79. When these defendants, therefore, supplied said attachment and added it to said No. 78 machine, and thereby converted it into a No. 79 machine by uniting to it the patented attachment which made up the complete combination of No. 79, they infringed said right of manufacture of the patented combination, with which complainant had not parted by the sale of a No. 78 machine.

It is immaterial whether this is considered as in the nature of contributory infringement, which would be made out if defendants supplied such attachments to owners of No. 78 machines with the intent that such owners should combine the attachment with the rest of the machine, or of actual infringement under the stipulated facts because the defendants have themselves added the attachments to No. 78 machines owned by them.

The well-settled rule is that the purchaser of a patented article from the patentee acquires the absolute right to the unrestricted use of said article; that by the sale it passes beyond the limit of the monopoly. But it would be perversion of this rule to say that such a purchaser may use a portion of said article for the purpose of enabling the owner of a machine sold by the patentee, without said portion to construct a patented combination which he is not licensed to manufacture or use.

The decree is reversed, with costs, and the cause is remanded to the court below, with instructions to enter a decree overruling the plea.